REDMANN, Judge.
The owner of the .tug Louise sought damages from C & W Well Servicing, Inc. and D. V. Mack, its employee who, in course and scope of his employment, removed her without authority from a river-slip bank to utilize her 35 feet away as a platform for welding, and on returning her did not replace her as high on the bank. She sank within a day or two from a leak at her stern post. Plaintiff claims she would not have sunk if left high on the bank. C & W’s liability insurer was named a defendant and made a third-party defendant by C & W and Mack upon denial of coverage (and refusal of defense to them).
C & W and Mack and the owner all appeal from a judgment which awarded the owner $7,702.72 against C & W and Mack but dismissed both main and third-party demands against the insurer.
All appellants argue insurance coverage was incorrectly excluded. C & W and Mack (and the insurer, alternatively) further argue that tort liability is not established. The owner further argues for increase in quantum. We affirm except as to insurance coverage.
Tort liability of the employer and employee is reasonably established by the circumstances of removal of a virtually-beached vessel and subsequent failure to return her to her position where sinking could not occur. Her original position high on the bank, requiring another tug to remove her, indicated some reason she was not left afloat, and one foreseeable possibility was that she had some leak. Failure to return her to her position of security against sinking was foreseeably a cause of her sinking and the resultant damage.
Excluded from insurance coverage was:
“ * * * injury to or destruction of (1) property owned or occupied by or rented to the insured, or (2) [with exception not relevant] * * * property used by the insured, or (3) [with exception not relevant] * * * property in the care, custody or control of the insured or property as to which the insured for any purpose is exercising physical control, or (4) [not relevant] * * * ”
The original petition alleged the Louise was under the “care, custody.and control” of insured employer and employee, and the insurer accordingly based its defense on exclusory clause (3).
Appellants cite Great American Indem. Co. of New York v. Saltzman, 213 F.2d 743 (8 Cir. 1954), cert. denied 348 U.S. 862, 75 S.Ct. 85, 99 L.Ed. 679 in arguing that the unauthorized moving and use of *408 the Louise did not, within the exclusion’s meaning, place her in the care, custody or control of insured. Although possessory (rather than proprietary) control may suffice for that exclusion, it is argued the “control” of a trespasser does not suffice, since at least some right to possession is implied in the exclusory language. This is the view of an annotation at 62 ALR2d 1242, 1246.
But here the exclusion also applies to “property as to which the insured for any purpose is exercising physical control.” The addition of this exclusory language supports appellants’ contention that “care, custody or control” means something more than simple “physical control”; otherwise the added phrase is meaningless. Yet the added words themselves make it express that the exercise of physical control over property (irrespective of the owner’s permission) excludes policy coverage of liability for damage to that property.
Nevertheless the express exclusion is of damage to property over which insured “is exercising” (present tense, progressive form) physical control. It is not damage resulting from exercising control, but damage while exercising control, which is excluded. Policy clauses must he construed against the insurer; Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1954). Here the damage resulted from insured’s exercising physical control, but did not occur while insured was exercising control. The exclusion does not apply.
On quantum, the owner seeks increase on the theory that loss of use of the vessel was not adequately compensated, and that repairs should be paid in full by defendants.
The trial judge apparently allowed $3,000 for loss of use and disallowed all but $33 of a $971.65 repair bill, largely for stern post work, caulking and repainting. Other repair bills totalling $4,667.72 were allowed. As plaintiff himself agreed on the witness stand, the stern post work had to be done in any event; defendants were therefore not liable for that work,
A $3,000 allowance for loss of use appears proper. After stern post repair was completed exactly 30 days were consumed in mechanical repairs. Plaintiff’s witness’s testimony was of an offer of a job for a minimum of 30 to 60 days at $100 a day. Thus only 30 days loss attributable to defendants was clearly proven.
Under the insurance contract insured was entitled to defense of suits asserting covered liability. The only contention on this point was that the liability was excluded from coverage. But because reasonable cost of defense was not proved, nor fixed by the trial judge, we nón-suit this claim. Thomas W. Hooley & Sons v. Zurich Gen. Acc. & Liability Ins. Co., 235 La. 289, 103 So.2d 449 (1958); Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
Insured’s claim to penalties under R.S. 22:658 is rejected. The terms of that statute apply to “loss”, not simple liability, and the penalty of 12% “of the loss” is collectible only where insured has had to pay the claim and has thus suffered a loss, as in Hooley, supra. Furthermore, under the circumstances the insurer could reasonably dispute coverage and its refusal of “payment” was not “arbitrary, capricious or without probable cause.”
Accordingly, the judgment appealed from is in part reversed, insofar as it dismissed main and third-party demands against the insurer, and is otherwise affirmed, and is recast to provide judgment in favor of plaintiff Mark Eymard and against defendants, C & W Well Servicing, Inc., D. V. Mack and Employers Mutual Liability Insurance Company of Wisconsin in solido in the amount of $7,702.72 with legal interest from judicial demand and all costs; and judgment over in favor of third-party plaintiffs, C & W Well Servicing, Inc. and D. V. Mack against Employers Mutual Liability Insurance Compa *409 ny of Wisconsin for the amount of judgment on the main demand; and judgment non-suiting third-party plaintiffs’ claim against the insurer for costs of defense, and dismissing their claim for 12% penalty under R.S. 22:658.
Affirmed in part, reversed and rendered in part, and recast.