372 So.2d 242 (1979)
BORDEN, INC.
v.
HOWARD TRUCKING COMPANY, INC. and Northwest Insurance Company.
No. 12655.
Court of Appeal of Louisiana, First Circuit.
May 29, 1979.
Writ Refused July 2, 1979.
*243 Eugene R. Groves, Baton Rouge, for plaintiffs-appellants, Borden, Inc. and Dresser Industries, Inc.
Leon E. Roy, Jr., New Iberia, for defendant-appellee, Howard Trucking Co., Inc.
Lawrence A. Durant, Baton Rouge, for defendant-appellee, Northwest Ins. Co.
P. Albert Bienvenu, Jr., New Orleans, for defendant-appellee, Antoy William Ames, in behalf of Underwriters at Lloyd's, London.
Before ELLIS, LOTTINGER and BAILES, JJ.
LOTTINGER, Judge.
This is an appeal by plaintiff, Borden, Inc., from the granting of a motion for summary judgment in favor of the defendant, Northwest Insurance Company.
Plaintiff alleges in its petition that the defendant, Howard Trucking Co. (Howard), had a contract with plaintiff to transport in good condition a compressor and other machinery from Borden's plant in Geismer, Louisiana to Dresser Industries, Inc. in New Orleans. During transit, the employee truck driver of Howard negligently lost control of the truck causing it to overturn resulting in damages to the compressor. Borden itemized its damages as a result of the accident as follows: (1) cost of repairs by Dresser Industries, Inc.$6,365.00, (2) Borden's labor$2,000.00, and (3) loss of production$212,268.00. It further alleged that Howard had in full force and effect a policy of insurance with the defendant, Northwest Insurance Company. Northwest moved for summary judgment contending that "the pleadings, and annexed certified copy of the insurance policy issued by this defendant, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law ***."
The insurance policy in part provides:
"EXCLUSIONS
"This insurance does not apply:
* * * * * *
"(d) To property damage to
(1) property owned or being transported by the Insured or
(2) property rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control, other than property damage to a residence or private garage by a private passenger automobile covered by this insurance; * * *."
In granting the motion for summary judgment, the trial judge did not favor us with written reasons.
Plaintiff-appellant contends the trial judge erred in holding (1) that there was no issue as to material fact and that Northwest Insurance Company was entitled to judgment as a matter of law, and (2) that the policy of insurance issued by Northwest Insurance excluded coverage for the circumstances and damages described in plaintiff's petition.
Plaintiff does not in its brief argue that there was a genuine issue of material fact. The only document filed in support of the motion for summary judgment was a certified copy of the insurance policy. Plaintiff did not file a countervailing affidavit. The question before the trial court as well as this court, is whether this policy of insurance afforded coverage under the facts as found in the petition. Thus, we cannot say that there is a genuine issue of material fact.
*244 In brief, plaintiff contends that it cost $8,365.00 to repair the compressor. Thus we conclude that this was damage attributable to the compressor. There is no argument made by plaintiff that the insurance policy covered damage to the compressor. We are of the opinion that the language "this insurance does not apply * * (d) to property damage to (1) property * * being transported by the insured * * *" is sufficiently clear and free from ambiguity so as to deny coverage for the damage to the compressor. Therefore, we find no error on the part of the trial judge in granting summary judgment in favor of Northwest excluding coverage for damage to the compressor.
Plaintiff, however, argues that the damage claim for "loss of production" is not included within the exclusionary clause.
Northwestern argues that it is not liable for "loss of production" time as a result of the damages to the compressor. Appellee cites several out of the state cases as well as several Louisiana cases. None of the Louisiana cases are directly on point. The only Louisiana case seeking loss of use was Towboats, Inc. v. General Equipment & Iron Works, Inc., 280 So.2d 840 (La.App. 4th Cir. 1973) writ denied 283 So.2d 769 (La.1973). The Fourth Circuit did not discuss that point in its opinion, thus we find it of no help. It is obvious then that this question is res nova in Louisiana.
Insurance policies are for the benefit of the insured. The burden of proof is on the insurer to show that the exclusion applies, Aladdin Oil Company v. Rayburn Well Service, Inc., 202 So.2d 477 (La.App. 4th Cir. 1967) writ denied 251 La. 388, 391, 392, 204 So.2d 573, 574 (1967). Exclusionary clauses are strictly construed against the insurer, especially if they are of uncertain import, Commercial Capital Systems, Inc. v. Paille, 333 So.2d 293 (La.App. 1st Cir. 1976).
In Torrington Co. v. Aetna Casualty & Surety Company, 216 S.E.2d 547 (S.C.1975), a divided South Carolina Supreme Court, without citing any authority, held that insurance coverage for "loss of use" was excluded under a similar clause. We are not convinced that the South Carolina Supreme Court was correct.
From the Louisiana cases cited by appellee, we conclude that the jurisdictional rule in Louisiana is to strictly limit the application of a "care, custody and control" exclusionary clause. Necessarily then, we find the trial judge in error in granting summary judgment in favor of Northwest as to the damages caused by "loss of production." As Judge Redmann said in Eymard v. C & W Well Servicing, Inc., 258 So.2d 406, 408 (La.App. 4th Cir. 1972), writ refused 261 La. 465, 259 So.2d 915 (1972):
"It is not damage resulting from exercising control, but damage while exercising control, which is excluded. Policy clauses must be construed against the insurer; Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1954). Here the damage resulted from insured's exercising physical control, but did not occur while insured was exercising control."
We interpret the exclusionary clause to exclude coverage to the property "being transported" or in the "care, custody or control of the Insured." We do not interpret this clause to exclude coverage for damage resulting from damage to any property. If that was the intention of the insurer, same should have been so written in the policy.
Therefore, for the above and foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings. All costs of this appeal are to be paid by defendant-appellee.
REVERSED AND REMANDED.