376 So.2d 999 (1979)
CUTE'-TOGS OF NEW ORLEANS, INC.
v.
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY.
No. 12817.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Rehearing Denied November 29, 1979.
*1000 Hampden R. White, John R. Tharp, and John Michael Parker, Baton Rouge, for defendant-appellant Louisiana Health Service & Indemnity.
Trudy H. Oppenheim, New Orleans, for plaintiff-appellee Cute'-Togs of New Orleans, Inc.
Arthur Howell Andrews, and Terrence McRea, Baton Rouge, for third party defendant-appellee Aetna Fire Underwriters Ins. Co.
Before LANDRY, EDWARDS and LEAR, JJ.
EDWARDS, Judge.
Louisiana Health Service & Indemnity Company appeals from the dismissal via summary judgment of its third party demand against Aetna Fire Underwriters Insurance Company. We reverse.

I. FACTS
Cute'-Togs of New Orleans, Inc. filed suit against Louisiana Health Service & Indemnity Company (Blue Cross) alleging damages suffered due to Blue Cross' failure to properly enroll a Cute'-Togs employee under the group insurance policy then in force. Blue Cross answered and filed a third party demand against appellee, Aetna Fire Underwriters Insurance Company (Aetna) seeking indemnification plus defense of the Cute'-Togs suit. Asserting a contractual lack of coverage, Aetna moved for summary judgment, which was granted on December 15, 1978. Blue Cross has perfected an appeal from the dismissal.

II. DUTY TO DEFEND
On motion for summary judgment, Aetna maintained that exclusion (m) clearly excludes policy coverage for damages sought for:
"loss of use of tangible property which has not been physically injured or destroyed resulting from
(1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement"
Aetna successfully argued that Cute'-Togs' action was based on the delay or lack of performance by Blue Cross and was thus a contract matter not covered by the policy issued by Aetna to Blue Cross.
Cute'-Togs' lawsuit was brought on more than mere breach of contract, however. As we read Cute'-Togs' original and amended petitions, we find that paragraphs 11 and 11a contain at least one clear allegation of negligence. The allegation that Blue Cross failed to be cognizant of the application which it had received clearly supports liability in tort. This allegation serves to avoid exclusion (m) and brings this case under the very broad duty to defend rule of American Automobile Association, Inc. v. Globe Indemnity Company, 362 So.2d 1206 (La.App. 4th Cir. 1978), where the court stated:
"The `contractual liability' exclusion in the Globe policy would clearly apply if the Cook lawsuit had been brought strictly on the basis of breach of contract. However, although the trial judge was correct in perceiving that the real thrust of the Cook suit against AAA was for breach of contract, there are also allegations of negligence in the petition and the damages sought clearly sound in tort rather than in contract. Thus, applying the rule that the duty to defend is determined by assuming the truth of all the allegations in a petition, Globe is not relieved of the duty to defend the Cook suit because of the `contractual liability' exclusion."
In Globe, the duty to defend arose from the insured's negligent failure to perform acts. Cute'-Togs' suit, while containing elements of contract, clearly alleges negligence on *1001 the part of Blue Cross. In Cute'-Togs' amended petition, para. 11a, Blue Cross' allegedly negligent failures to act were only some "among others." Additionally, the loss of profit alleged by Cute'-Togs is recoverable in tort.
The duty to defend rule was clearly stated by the Louisiana Supreme Court in American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969):
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured." 230 So.2d at 259, citations omitted.
In the instant case, assuming the alleged negligence of Blue Cross, Aetna must defend, since Cute'-Togs' petition does not unambiguously exclude coverage. Nor does the Aetna policy of Blue Cross exclude coverage for negligence of the insured. Only breach of contract is excluded. To permit defendant, Aetna, to recharacterize plaintiff's allegations of negligence as mere breaches of contract would permit defendant insurers to construe their own contracts, in contradiction to the long standing rule of construing insurance contracts against the insurer. Salomon v. Equitable Life Assurance Society of the United States, 202 La. 1001, 13 So.2d 329 (1943).

III. COVERAGE
The insurance policy issued by Aetna to Blue Cross states under "Coverage" that:
"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence."
In seeking summary judgment, Aetna proffered that there had been neither "property damage" nor "occurrence" as defined by the policy, and that consequently, there was no coverage.
Property damage is defined in Section II as:
"(1) physical injury to or destruction of tangible property ...... or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is covered by an occurrence."
Aetna urges that the items claimed by Cute'-Togs are for the services of an employee and are not therefore property damage. To the contrary, the loss of production is the non-use of Cute'-Togs' equipment due to the absence of employee Lancaster. This loss of use is of tangible property not physically injured or destroyed, but it is loss nonetheless. In Borden, Inc. v. Howard Trucking Company, Inc., 372 So.2d 242 (La. App. 1st Cir. 1979), this court held that loss of production time caused by damage to a compressor was recoverable from the insurer even if damage to the compressor itself were excluded. The loss of production by Cute'-Togs is similarly recoverable. Unless specifically excluded by contract, such property damage must be presumed included in the coverage. Levy v. Duclaux, 324 So.2d 1 (La.App. 4th Cir. 1975), writs refused 328 So.2d 887 (1976).
Aetna also opposes coverage on the ground there was no "occurrence." Section II defined occurrence as:
"an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;"
*1002 The alleged negligent acts of Blue Cross certainly did constitute continuous exposure to conditions resulting in property damage unexpected by Blue Cross. Perhaps Aetna only intended "continuous or repeated exposure" to mean physically unhealthful or dangerous conditions and not negligence leading to possible claims against Blue Cross. Unfortunately for Aetna, such a construction cannot be presumed.
"An insurance policy is a contract between the company and its insured and its interpretation must be based upon what an ordinary person would understand from the words of the policy. It cannot avail the insurer any consolation if it intended something which is not clearly expressed. Any ambiguity must be construed against the insurer." Levy v. Duclaux, supra, 324 So.2d at 10.
In the recent case of AAA v. Globe Indemnity, supra, despite defendant's claim of contractual noncoverage, Globe was forced to defend AAA against claims arguably for breach of contract, but containing allegations of negligence. Globe also urged that negligent failure to perform acts was not an occurrence within the meaning of "injurious exposure to conditions." The Fourth Circuit, however, disagreed and found such omissions to be exposure such as was understood by the ordinary person. Following AAA v. Globe in the present case, the alleged acts and omissions of Blue Cross are well within the definition of "occurrence." Blue Cross' failures to perform have exposed it to possible judgment, surely unexpected.

IV. CONCLUSIONS
Assuming the facts in Cute'-Togs' petitions to be true, negligent acts constituting occurrences took place and damage to tangible property resulted. Since the insurer did not specifically exclude negligence as a contractual ground of non-defense, Aetna must defend Blue Cross. Since there was no unambiguous exclusion of coverage for the occurrences and property damage that resulted, Aetna must indemnify Blue Cross. Since there was coverage, there must be a defense. Summary judgment for Aetna was therefore improper.
For the foregoing reasons, the judgment in favor of Aetna is annulled and reversed. The case is remanded for further proceedings not inconsistent with law and this opinion.
REVERSED AND REMANDED.