FORET, Judge.
Plaintiffs, Goodwin Well Service, Inc. and Continental Insurance Company, brought suit against Goss Construction Company and its insurer, Bituminous Casualty Corporation and Millers Mutual Fire Insurance Company, to recover damages allegedly caused by Goss Construction Company to a drilling rig owned by Goodwin Well Service, Inc. and insured by Continental Insurance Company. Bituminous and Millers filed motions for summary judgment on the grounds that their policies exclude the claims made by the plaintiffs. The trial court granted the summary judgments, and the plaintiffs appeal, but only insofar as Millers is concerned.
On August 10, 1975, the defendant, Goss Construction Company, was engaged by plaintiff, Goodwin Well Service, Inc., to provide crane service for the removal of a mast from the sub-structure of the plaintiff’s drilling rig.
During the course of the lifting operation, the mast fell to the ground and was damaged. Later, on August 18, 1975, Goss Construction Company contracted to remove the mast the second time on the same well. Again, the mast fell, causing damage to the rig equipment. Plaintiffs brought this suit to recover for the resulting damage. Defendant, Millers, argues that its policy with Goss Construction Company clearly excludes coverage for this claim. The plaintiffs argue that the trial court erred in holding that the Millers policy excluded coverage. They argue that the policy- in question is ambiguous and must be construed against Millers. The pertinent language of the policy reads:
“CONTRACTORS LIMITATION ENDORSEMENT
1. It is agreed that the policy does not apply to liability for injury to or destruc *1247 tion of leased or rented equipment or property being installed, erected or worked upon by the insured, his agents, or sub-contractors.
2. It is agreed that this policy does not apply under Insuring Agreement to: a) Injury to or destruction of any property arising out of
******
2) The collapse of or structural injury to any building or structure due to . bb) to moving, shoring, underpinning, raising, or demolition of any building or structure or removal or rebuilding or (sic) any structural support thereof. . . . ”
We find the policy language clear in that coverage does not apply to liability for injury to property while being “installed, erected, or worked upon by the insured”. There does not appear to be any dispute that the mast was being “worked upon” when the damage occurred.
The basic rule for contract interpretation is found in Article 1946 of the Louisiana Civil Code which states:
“The words of a contract are to be understood like those of law, in the common and usual signification, without attending so much to grammatical rules, as to general and popular use.”
Applying the above principle, we conclude that the Millers policy provides no coverage for this claim.
Plaintiffs make a further demand that even if the exclusion mentioned above is applicable to exclude recovery of property damage, that the exclusion is not sufficient to exclude recovery of other items of damages for which plaintiffs sued, i. e., for loss of profit, transportation, rigging expenses, payroll costs, and damage appraisal. Plaintiffs assert that none of these items are tangible property, and that only the mast itself is tangible property. In this connection, we note that the second paragraph of the endorsement hereinabove quoted provides that,
“It is agreed that this policy does not apply under Insuring Agreement tó: a) Injury to or destruction of any property arising out of . . .” (Emphasis provided.)
We find this language to be clear and unambiguous. The policy clearly excludes liability for claims resulting from injury to tangible property. In our opinion, it would be inconsistent to interpret this language to exclude coverage for damage to tangible property, on the one hand, while interpreting it to include coverage for damage to intangible property such as loss of profit, transportation, rigging expenses, etc., which arise as a result of damage to said tangible property. We note that the Millers policy defines the term “damages” to include damage which results from the loss of use of property resulting from property damage. Considering this definition in pari materia with the contractors limitation endorsement, we conclude that the incidental damages which plaintiffs ask for herein are excluded under the said endorsement.
Plaintiffs-appellants rely on the case of Borden, Inc. v. Howard Trucking Co., Inc,, 372 So.2d 242 (La.App. 1 Cir. 1979), writ denied, 373 So.2d 544 (La.1979). In that case, the court held that an exclusionary clause[1] excluded coverage for damage to property, which did not exclude damage resulting from damage to said property. In so doing, the court disallowed recovery for actual damages to a compressor while allowing the plaintiffs to recover damages for loss of production. The Supreme Court denied writs in Borden, Inc. v. Howard Trucking Co., Inc., 373 So.2d 544 (La.1979), the case being not final as a result of being *1248 remanded by the court of appeal to the trial court. Justice Summers was absent at the time the writ was denied. Justices Dixon and Marcus voted to grant the writ.
We believe that the language in the policies áre not the same, but even if the policy language were identical, we are not convinced that the Borden case was correct, and are therefore disinclined to follow the reasoning thereof.
In summary, we agree with the trial court that the Millers Mutual Fire Insurance Company has a sufficient policy defense. We find that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966.
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are taxed to the plaintiffs-appellants, Goodwin Well Service, Inc. and the Continental Insurance Company.
AFFIRMED..

. The insurance policy in part provides:
“EXCLUSIONS
“This insurance does not apply:
******
“(d) To property damage to
(1) property owned or being transported by the Insured or
(2) property rented to or in the care, custody or control of the Insured or as to which the Insured is for any purpose exercising physical control, other than property damage to a residence or private garage by a private passenger automobile covered by this insurance; * *