386 So.2d 87 (1980)
CUTE'-TOGS OF NEW ORLEANS, INC.
v.
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY.
No. 66413.
Supreme Court of Louisiana.
July 8, 1980.
*88 Arthur H. Andrews, Franklin, Moore & Walsh, Baton Rouge, for defendant-applicant.
John R. Tharp, Nancy C. Tyler, Taylor, Porter, Brooks & Phillips, Baton Rouge, for plaintiff-respondent.
BLANCHE, Justice.
Plaintiff, Cute'-Togs of New Orleans, Inc., entered into an agreement with defendant, Louisiana Health Service & Indemnity Company (hereinafter referred to as Blue Cross) whereby Blue Cross agreed to insure the subscribing employees of Cute'-Togs under a group policy. Plaintiff's business was that of a clothing manufacturer and one of its employees completed and sent in an application to Blue Cross applying for medical insurance protection coverage for himself and his family. Thereafter, the wife of the employee became hospitalized and allegedly, upon discovering that Blue Cross had not yet processed his application for group insurance coverage, the employee terminated his employment with Cute'-Togs. Thereafter, Cute'-Togs instituted suit against Blue Cross, alleging negligence in the processing of the insurance policy and claiming that as a result of that negligence, a skilled employee quit, causing a loss of production. Blue Cross then responded by filing a third-party demand against its liability insurer, Aetna Fire Underwriters Insurance Company (hereinafter referred to as Aetna), contending that it had a duty to defend the action filed against it by Cute'-Togs. The insuring clause relied upon by Blue Cross reads as follows:
"The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence . . . and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent...." (emphasis ours)
To this third party demand, Aetna refused to provide a defense on the grounds that there was no coverage and it prayed for and was granted a summary judgment by the trial court. From this judgment, Blue Cross perfected a devolutive appeal and the First Circuit Court of Appeal reversed the decision of the trial court finding that assuming all of the allegations of fact in Cute'-Togs' petition to be true, negligent acts constituting an occurrence did take place and damage to property resulted, and that on the occurrence of these two events, Aetna had a duty to defend.
The exclusion relied upon reads as follows:
"This insurance does not apply
* * * * * *
"(m) to loss of use of tangible property which has not been physically injured or destroyed resulting from (1) a delay in or lack of performance by or on behalf of the named insured of any contract or agreement . . ."
Clearly, the above clause excludes coverage for any damage occasioned by the breach of any contracts or agreements.
With reference to the agreement between the parties, Cute'-Togs, in an amending and supplemental petition, alleges that it entered into an agreement with Blue Cross whereby Blue Cross agreed to insure its subscribing employees pursuant to the terms of the insurance policy (paragraph (1)(a)). Thus, it may be observed that the duty owed to Cute'-Togs is one which arose from the contract between them, and it follows that any harm or damage which Cute'-Togs claims to have suffered resulted from the failure of Blue Cross to comply with its agreement thereunder.
*89 The allegations of plaintiff's petition allege a negligent breach of contract in the following language:
"11. The loss of Edward Lancaster as an employee and the costs incurred in replacing are the result of the defendant's negligence in processing the employee's application."
* * * * * *
"11(a). Defendant's negligence consisted of the following particulars, among others:
1. Failure to process employee's application with the requisite efficiency;
2. Failure to be cognizant of employee's application;
3. Failure to realize that the additional information requested was not applicable; and
4. Failure to process the employee's application with due speed and efficiency once defendant discovered or should have discovered its mistake."
[Amending Petition filed by plaintiff, p. 2.]
The court of appeal, relying on these allegations, reasoned that:
"Since the insurer did not specifically exclude negligence as a contractual ground of non-defense, Aetna must defend Blue Cross. Since there was no unambiguous exclusion of coverage for the occurrences and property damage that resulted, Aetna must indemnify Blue Cross. Since there was coverage, there must be a defense." 376 So.2d 999, 1002 (La.App. 1st Cir. 1979).
This reasoning overlooks the source of Cute'-Togs' alleged damages. According to the allegations of plaintiff's petition, the duty/right relationship between the parties arose out of the insurance agreement between them, and the allegations of plaintiff's petition allege no more than a negligent failure of that duty. In American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), we clearly stated the "duty to defend" rule as follows:
"... the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. * * *
"Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. * * *" 230 So.2d at 259. [cits. omitted]
Accordingly, when the duty and its breach causing damages have been properly identified, we find the exclusion relied upon by Aetna to be unambiguous and applicable.
For the above reasons, the court of appeal is hereby reversed, and there is further judgment herein reinstating the decision of the district court dismissing third-party plaintiff's suit at its cost.
DENNIS and LEMMON, JJ., specially concurring.
WATSON, J., dissents believing the Court of Appeal to be correct.