FORET, Judge.
Plaintiffs, John D. Jarreau and Valerie J. Boyd, filed this action against Louisiana Stallions, Inc. (Stallions), alleging that a colt in which plaintiffs possessed an ownership interest was injured and eventually destroyed while in the care, custody, and control of Stallions.
By supplemental petition, plaintiffs named North River Insurance Co. (North River), appellee herein, as an additional defendant, alleging that North River provided liability coverage to Stallions.
Stallions, as third party plaintiff, filed a third party demand against North River as third party defendant, alleging that North River, as its insurer, had failed to provide Stallions a defense in this action.
North River, in both its answer to the original petition and its answer to the third party demand of Stallions, specifically denied coverage based upon exclusion (k)(3) of its policy, which states that the policy does not cover property damage to property in the care, custody, or control of the insured.
Subsequently, North River moved for summary judgment in its favor on both the principal demand of Jarreau and Boyd and the third party demand of Stallions. After hearing on North River’s motion, the trial court granted summary judgment in favor of North River.
Stallions appeals the judgment of the trial court, and assigns the following as error:
1. The trial court erred in granting summary judgment in favor of North River on the basis that the care, custody, and control exclusion in the North River policy applied to the facts of this case.
2. The trial court erred in failing to find that North River owed a duty to defend its insured, Louisiana Stallions, Inc.
FACTS
The trial court set forth the relevant facts in excellent reasons for judgment, as follows:
“John Jarreau owned a horse named Exclusive Angel. Jarreau transferred ownership of Exclusive Angel to Vallerie J. Boyd on December 23, 1985, but the registration papers were never completed; consequently, the transfer of Exclusive Angel from Jarreau to Boyd was incomplete when the loss occurred in this case, and each asserts interests in Exclusive Angel in this lawsuit.
Exclusive Angel gave birth to a colt named “Buck” in April of 1985, and Jar-reau and Boyd each assert ownership in this case. Jarreau and Boyd entered into a stallion contract with Stallion.
“Exclusive Angel was picked up in Baton Rouge pursuant to the contract and was delivered to Stallion in Opelousas, Louisiana on or about April 25, 1986. The colt ‘Buck’ was also delivered with his mother to Stallion, because of his ‘need’ to be with his mother; thus, Stallion also took control of the colt ‘Buck’. On or about April 25, 1986, while in the custody of Stallion, Buck suffered a traverse fracture of the proximal one-third of the right radius which, in time, required his destruction. Plaintiffs filed the instant lawsuit wherein they sought damages from Stallion because of Buck’s death based on breach of contract, negligent breach of contract, negligence and strict liability under Civil Code Articles 2317 and 2321.”
COVERAGE
North Rivér seeks to avoid liability on the basis of an exclusion in its policy of insurance. The North River policy provides property damage liability coverage *284 under “Coverage B” of the policy. The policy provides, as follows:
* * * *
Coverage B-Property Damage Liability
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of
* * * * * *
B. Property Damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of * * * * property damage....”
“Property damage” and “occurrence” are defined in the North River policy as follows:
“property damage” means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period:
“occurrence” means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured;”
The North River policy contains the following exclusion:
“This insurance does not apply:
(k) to property damage to
(3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;”
In affirming the trial court’s judgment in favor of North River, we adopt the trial court’s reasons for judgment, in pertinent part, as follows:
“The primary object of all insurance is to insure, and exclusionary clauses are strictly construed against the insurer. Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La.1983); Insurance Company of North America v. [Solari] Parking, Inc., 370 So.2d 503 (La.1979); Creduer v. Larke [Luke], 368 So.2d 1030 (La.1979); Glass Services Unlimited v. Modular Quarters, Inc., 478 So.2d 1005 (La.App. 3rd Cir.1985).”
“The exclusion in that [North River's] policy excludes coverage for property damage to property in the care, custody and control of the insured. Stallion is a named insured in the policy. The policy also contains the definition of property damage which includes the loss by damage to physical property and the losses resulting from loss of use of the property. The Court is also satisfied that the petition alleges facts, which satisfy the definition of ‘occurrence’. In Borden, supra, our Supreme Court was faced with the identical exclusion that is contained in the North River policy. In its first hearing, the Supreme Court found that the policy excluded coverage for loss resulting from damage to the property and also any consequential damages resulting from loss of use of the property. On rehearing the Court reversed its earlier decision because, as it discovered, the definition of “property damage” was found in the jacket to the policy, and based on the evidence before the Court, the jacket was not part of the policy and there was no other definition of property damage in the policy. Accordingly, the Court allowed recovery for the consequential damages Borden suffered because of the loss of use of the property that was damaged.
The damages sought by the plaintiffs are (1) loss of the value of the colt (Buck) at the time of his death, (2) medical expenses incurred in treatment and the ultimate destruction of the colt, and (3) lost *285 future economic return for services to the rendered by the cold [sic] from his subsequent (a) sale, (b) winnings from racing and (c) stud fees. Applying the rationale of Borden to this case, the Court finds that the policy exclusion in the North River policy adequately defines the exclusion and excludes all damages the plaintiffs seek. This ruling is also consistent with Goodwin Well Services, Inc. v. Goss Construction Company, 380 So.2d 1246 (La.App. 3rd Cir. 1980).”
Stallions argues that the definition of “property damage” set forth in the policy does not apply to the exclusion at issue in Form L6416, the liability provisions of the policy. The definition section of the policy clearly states:
“When used in this policy (including endorsements forming a part hereof); ‘property damage ’ means ...” (emphasis added)
It is clear from this language that the definition section of the policy is intended to apply to Form L6416, the liability provisions of the policy.
Additionally, Stallions contends that the trial court erred in failing to find that North River owed a defense to its insured. The general rule in regard to an insurer’s duty to defend is that the insurer has a duty to defend its insured unless the allegations of the petition unambiguously exclude coverage. Williamson v. Alewine, 417 So.2d 64 (La.App. 3 Cir.1982), writ denied, 420 So.2d 984 (La.1982).
The allegations set forth in the original petition clearly allege a cause of action for damages occurring while plaintiffs’ colt was in the care, custody and control of Stallions. This is precisely the situation to which the exclusion at issue applies. Therefore, the petition unambiguously excludes coverage and, as such, North River had no duty to defend its insured.
SUMMARY JUDGMENT
La.C.C.P. art. 966 provides that a trial judge may grant a motion for summary judgment if there are no genuine issues of material fact in dispute and movers are entitled to judgment as a matter of law. We find that the trial court was correct insofar as North River has carried its burden of proving that there remains no genuine issue of material fact as to coverage in this case.
DECREE
Based upon the foregoing, the judgment of the trial court granting summary judgment in favor of North River Insurance Company is affirmed.
Costs of this appeal are assessed against appellant, Louisiana Stallions, Inc.
AFFIRMED.