977 F.2d 588
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Patsy FITZGERALD; William J. Fitzgerald, Plaintiffs-Appellants,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee.
 No. 91-35801.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Oct. 14, 1992.
 
 1
 Before FERGUSON, O'SCANNLAIN and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Patsy and William Fitzgerald appeal the summary judgment entered in favor of State Farm Fire and Casualty Company on the Fitzgerald's diversity action for declaratory relief seeking a declaration that State Farm is obliged to indemnify and defend them in an underlying case under their policy of liability insurance. The Fitzgeralds owned and operated a ranch; they orally entered into some kind of arrangement with Manuel Castillo which he claims was as manager, and the Fitzgeralds contend was as lessee, that permitted him to run cattle on the ranch. In any event in December of 1984, the Fitzgeralds terminated their relationship with Castillo and directed him to leave and remove his own cattle and horses. Some of his pregnant heifers lost their calves, apparently because of inclement weather and exposure. Castillo sued the Fitzgeralds in Montana state court for wrongful discharge and won $11,860 in special and compensatory damages and $20,000 in punitive damages. State Farm refused to defend or indemnify on the ground that Castillo asserted no claim for property damage covered under the policy. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 4
 The Fitzgeralds' policy provides coverage for suits "brought against any insured for damages because of ... property damage." The policy excludes coverage for damages "expected or intended by the insured" and for "liability assumed under any unwritten contract or agreement."
 
 
 5
 Under Montana law, "the insurer has a duty to defend when a complaint filed against its insured sets forth facts which bring the event within the policy provisions. The insurance company must look to the allegations of the complaint to determine if there is liability coverage. However, where the complaint alleges events not within the coverage of the policy, and the insurer would not be obligated to indemnify the insured if the complaining party recovered, then the insurer has no duty to defend." Graber v. State Farm Fire and Casualty Company, 797 P.2d 214, 217 (Mont.1990) (citations omitted). The district court applied the understanding of Montana law we had earlier set out in Liberty Bank of Montana v. Travelers Indem. Co., 870 F.2d 1504, 1506 (9th Cir.1989), that "the duty to defend may be triggered by notification to the insured of facts asserted in the pleadings, discovery, or final issues declared ready for trial, giving rise to potential liability under the policy." Regardless of which standard applies, we agree with the district court that the duty to defend was not triggered.
 
 
 6
 The complaint alleges that the Fitzgeralds "willfully, intentionally, wrongfully, negligently and in violation of their duty of good faith and fair dealing ... wrongfully discharged" Castillo. This caused him to move cattle, "thereby suffering the loss of a large number of calves and the associated financial reverses in connection with the loss." Castillo makes no claim for unintentional or negligent property damage to his cattle independent of the contractual undertaking Castillo avers was breached. Nor does it appear that the Fitzgeralds could have breached any duty to Castillo (or his cattle) apart from their contractual relationship. The injury to Castillo's cattle was consequential, in the form of lost profits from the Fitzgeralds' breach of contract. Therefore, even assuming the calf crop was tangible property within the meaning of State Farm's policy, nothing in the record put State Farm on notice of a potential recovery for damage to property under general negligence principles.
 
 
 7
 The Fitzgeralds argue that Castillo sought and recovered tort damages pursuant to the implied covenant of good faith and fair dealing which is a separate tort from the contractual terms agreed to by the parties. See Gates v. Life of Montana Ins. Co., 668 P.2d 213, 214-15 (Mont.1983). However, the tort for breach of the covenant arises from a term of the contact, albeit one implied by law, and the duty imposed could not exist without the contract. See Story v. City of Bozeman, 791 P.2d 767, 772-75 (Mont.1990) (describing the implied covenant). The cases on which the Fitzgeralds rely are unavailing, because each involves the negligent performance of a contract which implicates the duty of due care under general principles of tort law. See General Casualty Co. of Wisconsin v. Larson, 196 F.2d 170, 174 (8th Cir.1952) (negligent repair of furnace); United States Fidelity & Guar. Corp. v. National Tank & Mach. Works, 402 So.2d 925, 927 (Ala.1981) (supplying improper lifehooks to swimming pool); O'Toole v. Empire Motors, 42 P.2d 10 (Wash.1935) (negligent repair of car); see also American Casualty Co. v. Timmons, 352 F.2d 563, 568 (6th Cir.1965) (contract exclusion does not apply even though contract incorporates negligence principles, because principles would apply independent of contract).[1]
 
 
 8
 The Fitzgeralds argue that the unwritten contracts exclusion should not apply because they did not assume liability for Castillo's calves under the terms of their unwritten contract. Even if this is so, damage to the calves constitutes consequential damages from breach of the contract, or foreseeable damages in tort, neither of which require liability to be spelled out in the contract. See, e.g., Ehly v. Cady, 687 P.2d 687, 695 (Mont.1984) (contract damages include those that are "contemplated result of the breach").[2] They further argue that the contract liability exclusion applies only to liability assumed by contract "in connection with any business of the insured" except farming. The pertinent exclusion, however, is the first half of the contract liability exclusion, which has no such proviso.
 
 
 9
 Because summary judgment was properly grounded on the contract liability exclusion, it is unnecessary to determine whether the exclusion for damage "expected or intended by the insured" applies as well.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cute'-Togs of New Orleans, Inc. v. Louisiana Health Services & Indemnity Co., 376 So.2d 999 (La.App.1979), on which the Fitzgeralds also rely, was overruled by the Louisiana Supreme Court on the ground that, although there may have been negligent failure to discharge a duty, there was no duty imposed by law independent of the contract. Cute'-Togs of New Orleans, Inc. v. Louisiana Health Servs. & Indem. Co., 386 So.2d 87, 89 (La.1980)
 
 
 [2]
 The Fitzgeralds do not press their argument that Castillo sought to recover for property damage to an air conditioner/cooler on appeal. In any event, neither Castillo's complaint, nor the final pre-trial order makes reference to the cooler. The only pre-trial reference is in Castillo's default judgment hearing testimony, which the district court properly found insufficient to trigger a duty to defend. The Fitzgeralds also point to the trial court's findings of fact after hearing post-verdict testimony of the jurors describing that the jury included cost of the cooler in the damages award. However, post-verdict information is irrelevant to the duty to defend, which is determined based on information known before trial. The Fitzgeralds do not argue that they are entitled to indemnification on this account. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988) (issues not argued on appeal are abandoned absent manifest injustice)