538 So.2d 657 (1989)
John W. ST. AMANT
v.
Sidney G. MACK, et als.
No. CA 88 0304.
Court of Appeal of Louisiana, First Circuit.
January 12, 1989.
Keith D. Jones, Baton Rouge, for the plaintiff John St. Amant appellant.
Frank H. Perez, Baton Rouge, for defendant DHHR appellee.
Herbert Mang, Jr., Baton Rouge, for defendant-appellee Sidney Mack.
Before COVINGTON, C.J., and LOTTINGER, and FOIL, JJ.
PER CURIAM.
This is an action for defamation brought by John W. St. Amant, individually, and on behalf of his minor son, John Webb St. Amant, against Dr. Sidney G. Mack, Ann Goodrich, Gary Q. Peck, and Larry Hebert. Defendant, Dr. Sidney G. Mack, filed a dilatory exception raising the objection of prematurity claiming the plaintiffs must first bring their claim before the medical malpractice review panel. The trial court sustained the exception, and plaintiffs appeal.

FACTS
On July 3, 1985, the wife of the plaintiff, Stephanie Ransome St. Amant, filed a rule to obtain sole custody of the minor child alleging that the plaintiff in the present action, John W. St. Amant, physically and/or sexually abused the minor child of that marriage, John Webb St. Amant. After a trial on the rule, the court found there was absolutely no basis for the allegations made by Stephanie Ransome St. Amant. Thereafter, John W. St. Amant filed the present action alleging all the named defendants were involved in a conspiracy to deny him his right to visit his minor child, to defame him, and to do other acts specifically designed to injure him.

ASSIGNMENTS OF ERROR
In appealing, the plaintiff, John W. St. Amant contends the trial judge erred in (1) finding that the suit filed against Sidney Mack was one based on medical malpractice and that the special provisions of the law pertaining to medical malpractice actions must be met and (2) not providing written reasons for his judgment despite being requested to do so.

I
The question is whether the actions alleged in the plaintiffs' petition are of such *658 a nature that they constitute malpractice as defined in La. R.S. 40:1299.41(A)(8). Malpractice is defined as follows: "`malpractice' means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient...."
The definition of malpractice on its face includes only "unintentional torts ... based on health care or professional services rendered." The petition is clearly limited to the intentional acts of Dr. Sidney G. Mack and describes a cause of action which is not based on health care or professional services rendered. Thus, the activity described in the petition is not "malpractice" under La.R.S. 40:1299.41(A)(8), and the provisions of the medical malpractice act do not apply. Accordingly, the dilatory exception raising the objection of prematurity was improperly granted.

II
Because of our disposition of the first assignment of error, we pretermit any discussion of the second assigned error.
Therefore, the judgment of the trial court is reversed and remanded for further proceedings. Costs of this appeal are assessed against appellee-Dr. Sidney J. Mack.
REVERSED AND REMANDED.