EDWARDS, Judge.
This appeal arises out of a suit filed by plaintiff, John W. St. Amant, against several defendants seeking damages allegedly sustained as a result of an alleged conspiracy to defame the plaintiff and to deny him of his visitation rights with his minor son. The issue in this appeal is whether Louisiana Medical Mutual Insurance Company (LAMMICO), third party defendant, has the obligation to defend its insured, defendant, Sidney G. Mack (Dr. Mack), under a professional liability policy.
BACKGROUND FACTS
Stephanie Ransome St. Amant is the stepdaughter of defendant, Dr. Mack, and the ex-wife of plaintiff, John St. Amant. The St. Amants were divorced and were given the joint custody and cotutorship and their minor son, John Webb St. Amant. In 1985, Stephanie St. Amant began to suspect that the child was being sexually abused by his father. At her request, Dr. Mack performed a physical examination of the child, which, according to Dr. Mack, revealed symptoms of suspected sexual abuse. Dr. Mack then referred the child to a pediatrician for further examination. Stephanie St. Amant then filed a rule to prohibit all unsupervised visitation of the child by Mr. St. Amant and to obtain sole custody. Dr. Mack, and various other doctors and psychologists, testified at that trial. The trial court found that there was insufficient evidence to prove that the child had been sexually abused by his father, and the joint custody judgment was reinstated. This court, on appeal, affirmed.
Subsequently, John St. Amant filed the present suit against Dr. Mack, and others who testified at the custody hearing, alleging that they conspired to defame him and to deprive him of his visitation rights with his son.
PROCEDURAL HISTORY
In response to St. Amant’s petition, Dr. Mack filed an exception of prematurity urging that the case should be dismissed and/or stayed until such time as a decision was rendered by a medical review panel in accordance with LSA R.S. 40:1299.47(B). The trial court granted the exception, finding that the suit filed against Dr. Mack was one in medical malpractice and that the special provisions of LSA R.S. 40:1299.-47(B) had to be met prior to filing suit. This court, on appeal, reversed, finding that the activity described in St. Amant’s petition was not an unintentional tort based on health care or professional services rendered, and as such, was not “malpractice” under Louisiana law. See: St. Amant v. Mack, 538 So.2d 657 (La.App. 1st Cir.1989). As a result of that decision by this court, LAMMICO notified Dr. Mack that it would not provide him a defense to the suit. Dr. Mack then filed a third party demand against LAMMICO claiming that an insurance policy issued to him (LAMMICO Policy No. 00214-7-0) afforded him coverage for any liability resulting from the acts alleged in the principal demand. LAMMI-CO then filed a motion for summary judgment claiming that it was not required to provide Dr. Mack with a defense because its policy did not provide coverage for the intentional acts of defamation alleged by the plaintiff. The trial court, apparently relying on this court’s finding that the petition did not allege malpractice, granted *1285 summary judgment in favor of LAMMICO. Dr. Mack appeals.
LAMMICO’S DUTY TO DEFEND
Generally, the insurer’s obligation to defend suits against its insured is broader than its liability for damage claims. The duty is determined by a comparison of the allegations of the plaintiffs petition with the terms of the policy, and the insurer is obligated to provide a defense unless the petition unambiguously excludes coverage. Meloy v. Conoco, Inc., 504 So.2d 833, 838 (La.1987), see also: Jensen v. Snellings, 841 F.2d 600, 612 (5th Cir.1988). The duty exists even though there may ultimately be no liability on the insured’s part. Allen v. Keeney, 532 So.2d 521, 523 (La.App. 1st Cir.1988). Furthermore, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer’s duty to defend the suit. Hanover Insurance Company v. Highlands Insurance Company, 511 So.2d 1296, 1297 (La.App. 2nd Cir.1987).
There is no specific allegation in St. Amant’s petition as to acts committed by Dr. Mack individually. The petition alleges that “[a]ll of the parties made defendants herein conspired to, acted in furtherance of a conspiracy to, planned to, attempted to, or successfully denied your petitioner his right to visit with his minor child, or conspired to, acted in furtherance of a conspiracy to, planned to, attempted to, defamed, or issued libelous statements as to your petitioner, or did such other acts as were specifically designed to injure your petitioner.”
The LAMMICO policy provides, in pertinent part:
I. COVERAGE AGREEMENTS
The Company will pay on behalf of the Insured:
Coverage A — Individual Professional Liability
All sums which the insured shall become legally obligated to pay as damages because of injury, to which this insurance applies, caused by a medical incident which occurs during the policy period in practice of the insured’s profession as a physician or surgeon including service by the insured as a member of a formal accreditation, standards review or similar medical professional board or committee, (emphasis in original).
The policy defines “medical incident” as “... any act or omission in the furnishing of professional medical services to any person ... [a]ny such act or omission together with all related acts or omissions in the furnishing of such services to any one person shall be considered one medical incident.” (emphasis supplied).
Construed liberally, the allegations of St. Amant’s petition can be read to encompass acts, committed in the course of furnishing professional medical services, or acts related to the furnishing of a medical service, which, pursuant to policy definition, comprise a “medical incident.” In any event, the petition does not unambiguously exclude coverage.
SUMMARY JUDGMENT
Summary judgment, in favor of LAMMI-CO, is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no issue of material fact regarding its duty to defend Dr. Mack under the policy, and that LAM-MICO is entitled to judgment as a matter of law. La.C.C.P. art. 966. We have already determined that the petition did not unambiguousiy exclude coverage; therefore, LAMMICO is required to defend Dr. Mack in the suit. The trial court erred;[1] summary judgment was inappropriate. See: Gregoire v. AFB Construction, Inc., 478 So.2d 538 (La.App. 1st Cir.1985). Accordingly, the judgment of the trial court is reversed. Appellee, LAMMICO, is assessed with the costs of this appeal.
REVERSED.

. Written reasons for judgment were issued at the trial level which reflect that the trial court failed to consider the terms of the insurance policy in rendering its decision.