FOGG, Judge.
The issue in this ease is whether plaintiffs action against Doctors Bryan, Hatcher, Vick and Hastings, A Medical Corporation, (the Corporation), in which she seeks to recover damages she allegedly sustained when blood possibly contaminated with HIV and hepatitis splattered on her while she prepared it for testing by her employer, Our Lady of the Lake Hospital, constitutes an action based on medical malpractice under the Louisiana Medical Malpractice Act, La.R.S. 40:1299.41 et seq., so as to require initial submission of the claim to a medical review panel.
Plaintiff filed the present action in district court. Her petition alleged that on or about May 9,1990, she was employed as a lab clerk at our Lady of the Lake Hospital where her duties included logging in and processing various bodily fluid specimen vials for laboratory testing. That procedure required removing the label manuscript which was wrapped around the specimen vial and secured by a rubber band. As she was logging in and processing a specimen delivered by the Corporation, blood serum from the vial splattered onto her face, arms and hands, and into her mouth. Plaintiff alleged further that the blood serum specimen was being tested for hepatitis and HIV and was not properly labeled with the customary “hot pink” body fluid caution label. She alleged that the blood serum specimen vial was cracked or broken and not capped with the proper rubber cap, which allowed the label to be saturated with the blood serum specimen.
Plaintiff allegedly suffered mental anguish and emotional distress as a result of possible exposure to hepatitis and HIV. She sued the Corporation in tort alleging it is strictly liable as the owner of the defective vial that caused her injury. She also alleged that she was injured as a result of the negligent acts *723 of the employees or agents of the Corporation, including: (a) failure to properly label the vial containing the specimen with a “hot pink” label; (b) failure to use a rubber cap on the vial; and (c) either cracking or breaking the vial that was used or placing the blood serum specimen at issue in a cracked or broken vial.
The Corporation responded by filing a dilatory exception raising the objection of prematurity, contending that pursuant to the Louisiana Medical Malpractice Act, plaintiffs action must be brought before a medical review panel before proceeding in court. Defendant appeals the denial of the exception. The sole issue raised on appeal is whether plaintiffs injury is a result of malpractice as defined in the Act.
La.R.S. 40:1299.41 A(8) provides, in part, as follows:
“Malpractice” means any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient....
Therefore, the definition of malpractice includes only an unintentional tort based on health care or professional services rendered to a patient. St. Amant v. Mack, 538 So.2d 657 (La.App. 1st Cir.1989), writ denied, 594 So.2d 897 (La. 1992). Subsection A(9) of Section 1299.41 states:
“Health care” means any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient’s medical care, treatment or confinement.
In the instant case, the petition alleges a breach of a duty on the part of the Corporation to properly handle blood. This duty, the petition alleges, is owed, not to the patient, but to the lab clerk whose job it is to prepare the blood for testing. This duty is not directly associated with the rendering of health care to a patient. Therefore, we find that the language “health care or professional services rendered to a patient” does not include this duty. We hold that the actions complained of are not included in the term “malpractice”. A contrary conclusion would permit health care providers to invoke application of the act to torts that are remote from the actual care of a patient. We do not ascribe that intent to the legislature.
For the foregoing reasons, we find that plaintiffs claim is not one governed by the Louisiana Medical Malpractice Act and, as such, defendant’s exception of prematurity was correctly overruled. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the defendant.
AFFIRMED.