633 So.2d 626 (1993)
Stanley M. TREADWAY, et al.
v.
David M. VAUGHN, et al.
David M. VAUGHN and Powers, Vaughn & Clegg
v.
CONTINENTAL CASUALTY COMPANY and The Home Insurance Company.
Nos. 92 CA 2226, 92 CA 2227.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied March 25, 1994.
Daniel L. Avant, John L. Avant, and Troy J. Charpentier, Baton Rouge, for plaintiffs-appellees David M. Vaughn, Powers, Vaughn and Clegg.
Evan Scobee, Baton Rouge, for appellee State Farm Ins. Co.
John P. Wolff, Baton Rouge, for defendant-appellant Continental Cas. Co. # 376,966.
Jody E. Anderman, Lafayette, for defendant-appellee The Home Ins. Co.
Before WATKINS, SHORTESS and FOGG, JJ.
FOGG, Judge.
This appeal arises from a declaratory judgment action by the plaintiff insureds against the defendant insurers. On appeal, Continental Casualty Company (Continental) contends that the trial court erred in granting the plaintiffs' motion for summary judgment and finding that the insurers owed the plaintiffs a duty to defend. We affirm.
The plaintiffs, David M. Vaughn, John Dale Powers, Michael V. Clegg, and their law firm, Powers, Vaughn and Clegg (PVC), a partnership, filed a declaratory judgment action against Continental and The Home Insurance Company (Home).[1] The plaintiffs *627 sought a determination that Continental, the law firm's commercial general liability carrier, and Home, its professional liability carrier, must defend and indemnify them for any damages imposed under the allegations of a lawsuit filed against them by Stanley M. and Barbara Gayle Treadway.[2] The declaratory judgment action and the Treadway suit were consolidated in the trial court.
The plaintiffs filed a motion for summary judgment in the action for declaratory judgment contending that the allegations of the Treadway petition did not unambiguously exclude coverage, and therefore, they were entitled to a judgment ordering the defendants to defend them, to reimburse them all sums expended in defense of the matter, and to pay penalties and attorney's fees. The trial court granted the motion for summary judgment, finding that the defendants owed a duty to defend the plaintiffs against all allegations in the Treadway suit. In oral reasons for judgment, the judge stated that while parts of the petition excluded coverage, other allegations in the petition did not; the judge pretermitted the other issues. From this judgment, Continental appeals.
Continental initially contends that the granting of a summary judgment on the duty to defend is an improper partial summary judgment because it does not grant all or part of the relief the plaintiffs prayed for. La.C.C.P. art. 1915(A)(3) states,
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
....
(3) Grants a motion for summary judgment, as provided for by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
According to La.C.C.P. art. 966(A), "The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed." The trial court granted part of the relief sought in the declaratory judgment action because in that action the plaintiffs prayed that there be judgment recognizing that the defendants must defend and indemnify them for any damages due to the Treadway suit; the summary judgment recognizes that the defendants have a duty to defend the plaintiffs. Continental also apparently contends that the trial court could not grant a partial summary judgment on the issue of the duty to defend without reaching the coverage issue based on La.C.C.P. arts. 966(D) and 1915(A)(3).
La.C.C.P. arts. 966(D) and 1915(A)(3), which provide that a summary judgment determining a collateral insurance coverage issue in a damages suit is not a final judgment, and thus not appealable, are not applicable.[3] Because this is a declaratory judgment action in which the plaintiffs not only seek a determination that the insurers provide coverage, but also that they must defend, the trial court's granting of a summary judgment finding that the insurers must defend was not procedurally improper.
Continental further contends that the judgment was improper because the relief the plaintiffs prayed for was a judgment finding them not liable for the actions claimed in the Treadways' petition. While the plaintiffs in their answer to the Treadway lawsuit do pray for such a judgment, the prayer in the answer is not the basis for the summary judgment granted by the court.
The insurer's obligation to defend suits against its insured is broader than its liability for damage claims. The insurer's duty to defend suits brought against its insured is determined by the allegations of the plaintiffs' petition; the insurer is obligated to furnish a defense unless the petition unambiguously excludes coverage. Additionally, *628 the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (La.1969); St. Amant v. Mack, 590 So.2d 1283 (La.App. 1st Cir.1991), writ denied, 594 So.2d 897 (La.1992).
Once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside the policy's coverage. Alert Centre, Inc. v. Alarm Protection Services, Inc., 967 F.2d 161 (5th Cir.1992); Ellis v. Transcontinental Insurance Co., 619 So.2d 1130 (La.App. 4th Cir.1993), writ denied, 625 So.2d 1043 (La.1993); Duhon v. Nitrogen Pumping and Coiled Tubing Specialists, Inc., 611 So.2d 158 (La.App. 3d Cir.1992). See also Cute'-Togs of New Orleans, Inc. v. Louisiana Health Service & Indemnity Co., 376 So.2d 999 (La.App. 1st Cir.1979), reversed on other grounds, 386 So.2d 87 (La. 1980).[4]
In their lawsuit, the Treadways alleged that Mr. Treadway was the supervisor in the Baton Rouge Claims Office of State Farm Fire and Casualty Company (State Farm) and that Mr. Vaughn and PVC were approved as State Farm's legal representatives. Mr. Vaughn was Mr. Treadway's "contact person." The Treadways further allege that PVC fell into disfavor with the regional and home offices of State Farm; that Mr. Treadway had to convey this dissatisfaction to PVC; that the relationship between State Farm and the law firm deteriorated; and that a directive issued to terminate the relationship and not assign any files to PVC in the future. According to the Treadways, the attorneys of PVC met with State Farm's officers, and, at the meeting, the transcript of a secretly recorded telephone conversation between Mr. Treadway and Mr. Vaughn was produced. The conversation allegedly concerned a discrimination charge filed with the Equal Employment Opportunity Commission (EEOC) against State Farm wherein Mr. Treadway was named as a defendant. The Treadways allege that the tape was produced to pressure State Farm to reinstate PVC for its legal representation. The Treadways also allege that at that meeting, for the same purpose, Mr. Vaughn made defamatory remarks about Mr. Treadway to his superiors. The Treadways list these remarks: "accused petitioner [Mr. Treadway] of using improper pressure to extort them into participating in a State Farm golf tournament; of forcing David M. Vaughn to re-write a post trial report in a case involving a high quantum award; and that your petitioner cut a deal with another law firm to employ an associate of the Powers, Vaughn and Clegg law firm." Following the meeting, on December 11, 1990, Mr. Treadway was terminated from his employment with State Farm.
In their petition, the Treadways allege that they are entitled to damages due to a violation of Mr. Treadway's right to privacy by the publication of a transcript of a secretly recorded telephone conversation. The Treadways also allege that the defamatory statements made to the State Farm officers led to Mr. Treadway's termination and constituted tortious interference with his contract with State Farm. Additionally, the Treadways allege that Mr. Treadway had established an attorney-client relationship with Mr. Vaughn and PVC because he had previously sought and obtained legal advice from Mr. Vaughn on several occasions; the *629 Treadways allege that the recording, transcribing, and revealing of a telephone conversation relating to this legal representation violated the rules of confidentiality and constituted a conflict of interest. Finally, the Treadways assert that recording the telephone conversation violated La.R.S. 15:1303(C)(4). In their amended petition, the Treadways allege that Mr. Powers, Mr. Vaughn, and Mr. Clegg were acting jointly either in their individual capacity or as employees of PVC.
Under Continental's policy, in the section entitled "Personal and Advertising Injury Liability," the contract states, "We will pay those sums that the insured becomes legally obligated to pay as damages because of `personal injury' or `advertising injury' to which this coverage part applies. We will have the right and duty to defend any `suit' seeking those damages." The policy further states, "This insurance applies to (1) `Personal injury' caused by an offense arising out of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you...." "Personal injury" is defined as
injury, other than `bodily injury,' arising out of one or more of the following offenses:
....
(d) Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
(e) Oral or written publication of material that violates a person's right of privacy.
Therefore, Continental's policy expressly provides coverage for any damages caused by defamation or invasion of a person's right to privacy.
Continental contends that it has no duty to defend because the policy precludes coverage under the following exclusion: "The insurance does not apply to: a. `Personal injury' or `advertising injury': ... (3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insured." According to Continental, the plaintiffs' causes of action for defamation, invasion of privacy, and tortious interference with Mr. Treadway's contract all arose out of the willful violation of a penal statute, that is, the secret taping of the telephone conversation between Mr. Treadway and Mr. Vaughn.[5] However, according to the Treadway petition, Mr. Vaughn made defamatory statements which were not based on the telephone conversation; therefore, the petition states grounds for damages outside the violation of any penal statute.
Continental contends that the professional services exclusion is applicable because the Treadway petition alleges that Mr. Vaughn defamed Mr. Treadway in order to be reinstated as State Farm's legal representative and to obtain new business; the petition also alleges that by his disclosure, Mr. Vaughn violated his obligation to keep his client's communications confidential. The exclusion reads as follows: "With respect to any professional services shown in the Schedule [Attorneys Office], this insurance does not apply to `bodily injury,' `property damage,' `personal injury,' or `advertising injury' due to the rendering or failure to render any professional services." A liberal interpretation of the pertinent allegations of the Treadway petition would be that the plaintiffs breached the general duty not to defame a person or to invade that person's privacy, owed by all, which does not arise strictly out of Mr. Vaughn's profession; additionally, the subject matter of the defamatory statements was not related to any of Mr. Treadway's communications to Mr. Vaughn as a personal client. Therefore, under a liberal construction of the allegations of the Treadway petition, the exclusion is not applicable, and the allegations of the plaintiffs' petition do not unambiguously exclude coverage. Thus, the trial court did not err in granting the motion for summary judgment, finding that the Continental had a duty to defend.
For these reasons, the judgment of the trial court is affirmed, and the costs of the appeal are to be paid by Continental.
AFFIRMED.
NOTES
[1] The plaintiffs amended their petition to add John Dale Powers and Michael Clegg individually as plaintiffs after the Treadways amended their petition adding them as defendants.
[2] Both Continental and Home initially refused to provide a defense; Home began providing a defense to the plaintiffs after this appeal was taken.
[3] La.C.C.P. art. 966(D) states, "A summary judgment may be rendered on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages."
[4] In several other cases, the courts have held that even if only one claim falls within the duty to defend, then the insurer must defend the entire case. Gregory v. Tennessee Gas Pipeline Co., 948 F.2d 203 (5th Cir.1991); Montgomery Elevator Co. v. Building Engineering Services Co., Inc., 730 F.2d 377 (5th Cir.1984); Armstrong v. Land & Marine Applicators, Inc., 463 So.2d 1327 (La. App. 5th Cir.1984), writs denied, 466 So.2d 1299, 1307 (La.1985); American Automobile Association Inc. v. Globe Indemnity Co., 362 So.2d 1206 (La.App. 4th Cir.1978).

We find that the case cited by Continental to support its contention that if it does owe a duty to defend, it should only be as to the claims for defamation, ADA Resources v. Don Chamblin & Associates, 361 So.2d 1339 (La.App. 3d Cir. 1978), is not applicable in light of the later jurisprudence requiring an insurer to defend as to all the claims where one claim falls within the policy's coverage.
[5] La.R.S. 15:1303 and 18 U.S.C.A. § 2511 make the intercepting and recording of a telephone conversation for the purpose of committing a tortious act a criminal offense.