636 So.2d 944 (1994)
Celia R. Dennis, Wife of/and Gerald F. DENNIS, Jr.
v.
The FINISH LINE, INC., Allstate Insurance Company, State of Louisiana, Through the Department of Transportation & Development, Joanne L. Cassisa, John J. Cassisa, Julie A. Cassisa, Automotive Casualty Insurance Company, Felix D. Givens, ABC Insurance Company, and CDE Insurance Company.
Julie A. CASSISA
v.
Celia DENNIS, Jefferson Downs Corp. d/b/a The Finish Line, Felix Donis Givens, Allstate Insurance Company, MIC General Insurance Corporation, and ABC Insurance Company.
Nos. 93 CA 0638, 93 CA 0639.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
Rehearing Denied May 18, 1994.
*945 John P. Wolff, III and Keith M. Matulich, Baton Rouge, for defendant-appellant, General Star.
Thomas S. Morse, New Orleans, for defendant-appellee, Jefferson/Finish Line.
Kathleen E. Simon, Covington, for Allstate Ins. Co.
Patrick J. Berrigan, Slidell, for Julie Cassisa.
Randolph A. Slone, Slidell, for Celia Dennis.
Thomas A. Bayer, New Orleans, for La. Health Service.
Before WATKINS, SHORTESS and FOGG, JJ.
SHORTESS, Judge.
General Star Indemnity Company (General), a defendant and third party defendant, appeals a grant of summary judgment finding a duty to defend in this consolidated lawsuit, which arises from an automobile accident.
The depositions show Felix Givens had been drinking at The Finish Line, an offtrack betting facility in Slidell, Louisiana, where Celia Dennis worked as a bartender. Employees and security personnel at The Finish Line placed Givens in the back seat of his vehicle about 6:00 p.m. after he passed out inside the bar. After clocking out at approximately 11:30 p.m., leaving the bar, and doing her personal grocery shopping, Dennis returned to the parking lot of the bar to check on Givens. She found him still unconscious in the car, woke him up, and told him to drive home. She then proceeded to follow him "to make sure he made it [home] all *946 right." On the way home, Julie Cassisa was run off the roadway by an oncoming vehicle driven by Givens. Returning to the roadway, Cassisa's vehicle struck Dennis, who was behind Givens in her own vehicle. Both Dennis and Cassisa (plaintiffs) suffered extensive injuries. Plaintiffs, in separate lawsuits, sued Jefferson Downs d/b/a The Finish Line (Jefferson), which filed a third party demand against General. The lawsuits were subsequently consolidated for all purposes.
General filed a "Motion for Declaratory Judgment and Summary Judgment" contending there is no coverage under a commercial general liability policy purchased by Jefferson. Jefferson filed a "Motion for Partial Summary Judgment" on General's duty to defend. After a hearing on both motions, the trial judge denied General's motion for summary judgment, finding material issues of fact existed on coverage, then granted Jefferson's motion, finding a duty to defend. General appeals the grant of partial summary judgment finding the insurance company has a duty to defend Jefferson.
General contends that the grant of summary judgment on the duty to defend was an improper partial summary judgment; that Jefferson has no liability under Louisiana law; and that even if liability exists, the policy does not provide coverage. It thus contends the trial court erred in granting summary judgment on the duty to defend.

A. The Duty to Defend and Summary Judgment
The duty to defend and coverage are separate and distinct issues. As we stated recently in Treadway v. Vaughn, 633 So.2d 626 (La.App. 1st Cir.1993), the insurer's obligation to defend suits against the insured is broader than its liability for damage claims. 633 So.2d at 627.[1]
This court approved in Treadway of granting partial summary judgment on the issue of an insurance company's duty to defend, where recognition of the duty to defend is part of the relief prayed for. This proposition arises from Louisiana Code of Civil Procedure article 966(A), which states: "The plaintiff or defendant in the principal or any incidental action ... may move for a summary judgment ... for all or part of the relief for which he has prayed."
Jefferson's third party demand, which is an incidental action, specifically claims General is obligated to "defend, insure and indemnify it for the claims asserted in this lawsuit." In the third party demand, Jefferson does not explicitly "pray" for recognition of the duty to defend, although it does "pray" for "full and complete indemnity, for all costs of defense of this suit and for all other costs." Recognition of the duty to defend is implicit in this prayer for relief. In its motion for partial summary judgment, Jefferson reasserts its claim that General is obligated to defend, explicitly asks for recognition of this duty, and seeks to recover costs of defense.
Louisiana Code of Civil Procedure article 1915(A)(3) provides that a final judgment may be rendered, even though it may not grant all of the relief prayed for, or may not adjudicate all of the issues in the case. The trial court granted part of the relief sought by finding a duty to defend. The trial court's granting of a partial summary judgment finding the insurer must defend was not procedurally improper.

B. Liability under Louisiana Revised Statute 9:2800.1
General further contends that Louisiana Revised Statute 9:2800.1 relieves Jefferson of liability for injuries resulting from the service of alcoholic beverages, and, therefore, the trial court erred in denying General's motion for summary judgment. However, Louisiana Code of Civil Procedure article 968 prohibits appeal from a trial court's refusal to grant summary judgment. The trial court in this case denied General's motion for summary judgment, specifically finding material issues of fact existed on the coverage issue. Therefore, this assignment of error is not properly before us.

*947 C. The Policy Provisions
General further contends several exclusions in the policy unambiguously exclude coverage and therefore the trial court erred in finding a duty to defend.[2]
The duty to defend is determined by the allegations of a plaintiff's petition. The insurer is obligated to furnish a defense unless the petition unambiguously excludes coverage. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. American Home Assurance Co. v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969); Treadway, 633 So.2d at 627; St. Amant v. Mack, 590 So.2d 1283 (La.App. 1st Cir.1991), writ denied, 594 So.2d 897 (La.1992).
Once a petition states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the petition fall outside the policy's coverage. Treadway, 633 So.2d at 627.
General's policy contains the following provision, in pertinent part:
2. ExclusionsThis insurance does not apply to:
. . . . .
c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
1. Causing or contributing to the intoxication of any person;
. . . . .
This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages.
General contends this provision specifically excludes coverage for losses derived from the sale or service of alcoholic beverages. Plaintiffs' petitions, however, include allegations of fault for failure of Jefferson to properly train its employees, failure to supervise its employees, and failure to take necessary precautions, all of which go beyond injury caused by serving alcohol.
The policy also contains an endorsement providing the following:
This insurance applies only to "bodily injury", "property damage", "personal injury", "advertising injury" and medical expenses arising out of:
1. The ownership, maintenance or use of premises shown in the Schedule and operations necessary or incidental to those premises; ...
General contends that this endorsement limits coverage only to losses incurred through activities on the business premises and that the accident which caused plaintiffs' injuries did not occur on the premises. Plaintiffs' petitions, however, include allegations of fault based on the actions of employees and agents of Jefferson while on the premises of The Finish Line. Specifically, the petitions allege fault in failure to train and supervise, and in placing Givens in his car in an intoxicated condition with his car keys, then leaving him in the parking lot. All of these events were incidental to the premises or took place on the premises. Therefore, this exclusion does not unambiguously exclude coverage.
General finally contends the following exclusion excludes coverage for losses arising from the operation of an automobile. The policy provides:
2. ExclusionsThis insurance does not apply to:
. . . . .
g. "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading."
General contends the accident involved the use of an automobile and this policy provision specifically and unambiguously excludes coverage *948 for injury arising out of the use of an automobile. The automobile exclusion applies to automobiles "operated by or rented or loaned to any insured." The plaintiffs' petitions do not allege either automobile in the accident was owned or operated by or rented or loaned to any insured. Furthermore, the pleadings contain several allegations of negligence on the part of Jefferson unrelated to the use of an automobile.
The policy provisions argued by General do not unambiguously exclude coverage. The trial judge did not commit error in granting Jefferson's motion for partial summary judgment finding General has a duty to defend. The trial court judgment is affirmed, and costs are assessed to General.
AFFIRMED.
NOTES
[1] In Treadway, as in this case, the trial court specifically declined to enter judgment on the issue of coverage, but granted partial summary judgment finding a duty to defend.
[2] The record does not contain the entire policy, but the parties in brief do not contest the policy contains the exclusions at issue.