STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

03-0457

GAYNELL FINNIE, INDIV., ET AL.

VERSUS

JERRY LEBLANC, ET AL.

**********
APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 00-3973
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of John D. Saunders, Marc T. Amy, and Glenn B. Gremillion, Judges.

AFFIRMED.


Edward Joseph Walters, Jr.
6513 Perkins Road
Baton Rouge, LA 70808
(225) 766-1100
Counsel for Plaintiff/Appellant
    Gaynell Finnie

Kathleen Kay
P. O. Box 2042
Lake Charles, LA 70602-2042
(337) 439-7616
Counsel for Plaintiff/Appellant
    Gaynell Finnie

**Darrel James Papillion**
**6513 Perkins road**
**Baton Rouge, LA 70808**
**(225) 766-1100**
**Counsel for Plaintiff/Appellant**
  **Gaynell Finnie**

**James Eugene Williams**
**Woodley, Williams, Boudreau,**
**Norman, Brown & Doyle, L.L.C.**
**P. O. Box 3731**
**Lake Charles, LA 70602-3731**
**(337) 433-6328**
**Counsel for Defendants/Appellees**
  **Lafayette Ins. Co.**
  **Kathy P. LeBlanc**

**Thomas Joseph Solari**
**Woodley, Williams, Boudreau,**
**Norman, Brown & Doyle, L.L.C.**
**P. O. Box 3731**
**Lake Charles, LA 70602-3731**
**(337) 433-6328**
**Counsel for Defendants/Appellees**
  **Lafayette Ins. Co.**
  **Kathy P. LeBlanc**

GREMILLION, Judge.

In this case, the plaintiff, Gaynell Finnie, appeals the trial court's grant of summary judgment in favor of the defendant insurer, Lafayette Insurance Company. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Finnie filed suit on July 27, 2000, against her counselor, Jerry E. LeBlanc, BCSW, for inappropriately engaging in a sexual relationship with her from February to April 2000, and thereby, deviating from the applicable standard of appropriate medical care. On March 23, 2001, Finnie filed a second supplemental and amending petition adding LeBlanc's wife, Kathy, as a defendant, and urging that the LeBlancs' lawsuit, which was filed on July 27, 2000, and voluntarily dismissed on September 26, 2000, amounted to malicious prosecution and defamation. Finnie further cited various actions taken by the LeBlancs amounting to defamation. In her third supplemental and amending petition, Finnie added Lafayette as a defendant.

On August 23, 2002, Lafayette filed a motion for summary judgment urging that there was no genuine issue of material fact that its policy did not provide coverage for Finnie's claims. Following a hearing on November 7, 2002, Lafayette's motion was granted. The judgment granting the motion was signed December 31, 2002. Finnie timely appealed to this court.

## ISSUES

Finnie assigns as error the trial court's grant of the motion for summary judgment in favor of Lafayette insofar as the policies in question clearly provided coverage for defamation and malicious prosecution.

1

## SUMMARY JUDGMENT

On appeal, summary judgments are reviewed de novo. *Magnon v. Collins*, 98-2822 (La.7/7/99), 739 So.2d 191. Thus, the appellate court asks the same questions the trial court asks to determine whether summary judgment is appropriate. *Id.* This inquiry seeks to determine whether any genuine issues of material fact exist and whether the movant is entitled to judgment as a matter of law. La.CodeCiv.P. art. 966(B)(C). This means that judgment should be rendered in favor of the movant if the pleadings, deposition, answers to interrogatories, admissions on file, and affidavits show a lack of factual support for an essential element of the opposing party's claim. If the opposing party cannot produce any evidence to suggest that he will be able to met his evidentiary burden at trial, no genuine issues of material fact exist. *Id.*

In this case, no factual matters are in dispute. Rather, interpretation of an insurance policy is a question of law, and we have authority to construe the provisions of the policy in order to resolve questions of coverage. *Stoute v. Long*, 98-683 (La.App. 3 Cir. 12/9/98), 722 So.2d 102.

## DISCUSSION

First, we note that it is undisputed that LeBlanc lied regarding the sexual relationship he had with Finnie and further lied in stating that she had stolen a record from his office.

The trial court found that the Lafayette policy excluded coverage for all of Finnie's complaints based on the following provisions. At the beginning of the Lafayette policy is endorsement CG22441093, which states, in pertinent part:

2

**EXCLUSION-- SERVICES FURNISHED BY HEALTH CARE PROVIDERS**

. . . .

The following exclusion is added to Paragraph 2, Exclusions of COVERAGE A -- BODILY INJURY AND PROPERTY DAMAGE LIABILITY (Section 1 -- Coverages) and paragraph 2, Exclusions of COVERAGE B -- PERSONAL AND ADVERTISING INJURY LIABILITY (Section 1 -- Coverages):

With respect to any operation show in the Schedule, this insurance does not apply to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of:

1. The rendering or failure to render:

. . . .

      b.     Any health or therapeutic service, treatment, advice or instruction.

Endorsement CG70150189 further states:

    **EXCLUSION - PROFESSIONAL SERVICES AND ERRORS AND OMISSIONS**

. . . .

The following is added to Coverage A & B (Section 1):

This insurance does not apply to:

"Bodily injury," "property damage," "personal injury" or advertising injury arising out of:

1.     The rendering or failure to render any professional service.

The trial court found that the actions complained of by Finnie were excluded under the policy because they arose out of the rendering of professional services by LeBlanc. We disagree. Sexual relations between counselor and patient do not arise out of the therapeutic relationship. These endorsements envision

3

exclusion of injuries based on the quality, or lack thereof, of the intended service. The facts and allegations in this case go above and beyond the "rendering of any professional service" or "the rendering or failure to render any health or therapeutic service, treatment, advice or instruction." Despite LeBlanc's claim that the resulting sexual relations occurred due to "hug therapy" gone wild, we decline to set a precedent that sex between counselor and patient arises out of the therapeutic relationship. Furthermore, we find that the therapeutic relationship ended when the inappropriate actions commenced, namely on February 14, 2000. Moreover, Finnie last saw LeBlanc in April 2000, and his lawsuit, that is the subject of the malicious prosecution claim, wasn't filed against her until sometimes later in July 2000.

Finnie's complaints of malicious prosecution and defamation partially relate to activities pertaining to LeBlanc's professional services, *i.e.*, he falsely alleged that she stole her records from his office. However, this connection is insufficient to find an exclusion under the professional services heading. A similar issue was addressed in *Treadway v. Vaughn,* 633 So.2d 626 (La.App. 1 Cir. 1993), *writ denied,* 94-293 (La. 3/25/94), 635 So.2d 233), where the insurer claimed the professional services exclusion was applicable and excluded coverage for its insured's defamatory statements. In *Treadway,* the exclusion stated that the insurance "does not apply to 'bodily injury,' 'property damage,' 'personal injury,' or 'advertising injury' due to the rendering or failure to render any professional services." The court held:

> A liberal interpretation of the pertinent allegations of the Treadway petition would be that the plaintiffs breached the general duty not to defame a person or to invade that person's privacy, owed by all, which does not arise strictly out of Mr. Vaughn's profession. . . . .Therefore,

4

under a liberal construction of the allegations of the Treadway petition, the exclusion is not applicable and the allegations of the plaintiff's petition do not unambiguously exclude coverage.

*Id.* at 629.

We agree with the reasoning of our colleagues on the first circuit and find that the professional services exclusions do not apply to bar coverage in this case. The trial court did not address any of the other provisions of the policy as it found the above endorsements completely barred coverage for all of Finnie's claims. As we have found otherwise, we will address whether or not the policy provides coverage for the acts complained of.

Finnie urges that Lafayette's commercial general liability policy provides coverage pursuant to Coverage B, which states:

**COVERAGE B. PERSONAL AND ADVERTISING INJURY LIABILITY**

1. Insuring Agreement.

    a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply.

The policy defines personal injury as follows:

13.    "Personal Injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

    . . . .

    b.    Malicious prosecution;

5

. . . .

> d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services[.]

However, Lafayette urges that Part two of the policy excludes coverage as follows:

> 2.  **Exclusions.**
>
> This insurance does not apply to:
>
> a. "Personal injury" or "advertising injury":
>
> (1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity[.]

Lafayette claims that "no personal injury is alleged, as those terms are defined in the policy, which is not otherwise excluded by the policy." We disagree. Pursuant to the policy, personal injury means malicious prosecution and oral or written publication of material that slanders or libels a person. Malicious prosecution is the malicious commencement of a suit, without probable cause, for purposes of harassment. *Lees v. Smith*, 363 So.2d 974 (La.App. 3 Cir. 1978). In a civil malicious prosecution case six elements must be proven. They are as follows:

> (1) The commencement or continuance of an original criminal or civil judicial proceeding.
>
> (2) Its legal causation by the present defendant in the original proceeding.
>
> (3) Its bona fide termination in favor of the present defendant.
>
> (4) The absence of probable cause for such proceeding.
>
> (5) The presence of malice therein.
>
> (6) Damage conforming to legal standards resulting to

6

plaintiff.

*Id.* at 978 (citations omitted).

In a case for defamation (referred to as libel and slander in the common law), the plaintiff must prove:

(1)     defamatory words,

(2)     communication to persons other than the one alleging the action,

(3)     falsity,

(4)     malice, actual or implied, and

(5)     resulting injury.

*Id.* at 977-78.

We have reviewed Finnie's pleadings and find that she adequately alleged causes of action for defamation and malicious prosecution. LeBlanc next argues that the exclusion in 2(a)(1) applies to deny coverage. We agree. By definition, a claim for malicious prosecution or defamation requires that the charge be made with knowledge that it is false or with reckless disregard. A plain reading of the exclusion leads one to believe that the policy does not provide coverage for acts that were done with malice, or full knowledge that the charge (malicious prosecution) or statements (defamation) were false. In *Landry v. Roberson Advertising Service, Inc.,* 95-95 (La.App. 4 Cir. 8/23/95), 660 So.2d 194, 197, the fourth circuit discussed the term "reckless disregard" quoting the Unites States Supreme Court's decision in *Harte-Hanks Communications, Inc, v. Connaughton*, 491 U.S. 657, 667, 109 S.Ct. 2678, 2686 (1989):

7

Actual malice, instead, requires at a minimum that the statements were made with a reckless disregard for the truth. And although the concept of "reckless disregard" cannot be fully encompassed in one infallible definition, we have made clear that the defendant must have made the false publication with a high degree of awareness of . . . probable falsity or must or must have entertained serious doubts as to the truth of his publication. (Citations omitted).

The appellate court further stated:

A "reckless disregard" for the truth requires more than a departure from reasonable prudent conduct. There must be sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. (Citations omitted).

*Landry,* 660 So.2d at 198.

In examining these definitions, we conclude that, for purposes of this exclusion, the terms with "knowledge of its falsity" does not apply to the "reckless disregard" element present in both malicious prosecution and defamation claims. Thus, the policy would provide coverage for acts done with reckless disregard or, for example, for an insured whose employee is not covered in the policy who maliciously prosecuted or defamed someone. Finnie points out that the Louisiana Supreme Court, in *McCarthy v. Berman,* 95-1456 (La. 2/28/96), 668 So.2d 721, 725, has said, an "insurance policy cannot purport to provide coverage which applies to no one because of a policy exclusion that overrides all of the coverage provided." However, we do not find that is the case in this policy. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La.Civ.Code art. 2046. The words of the policy are clear: it simply does not provide coverage for those who knowingly defame and maliciously prosecute others.

8

Moreover, we do not find the exclusion ambiguous or susceptible to different views. The mere fact that an insurance contract is a complex instrument and requires analysis to understand it does not make it ambiguous. *Louisiana Ins. Guar. Assn. v. Interstate Fire & Cas. Co.,* 93-911 (La. 1/14/94), 630 So.2d 759. Further, a common sense conclusion would be that insurers do not provide coverage for their insured's purposeful acts of malicious prosecution and defamation. As there was absolutely no doubt in the record that LeBlanc instituted his lawsuit against Finnie and made various comments which he knew were false, we find that this provision excludes coverage.

## CONCLUSION

The judgment in favor of the defendant-appellee, Lafayette Insurance Company, is affirmed. The costs of this appeal are assessed against the plaintiff-appellant, Gaynell Finnie.

**AFFIRMED.**

9