619 So.2d 1130 (1993)
Zachary Lee ELLIS, and The Ellis Company, Inc.
v.
TRANSCONTINENTAL INSURANCE COMPANY and Valley Forge Insurance Company.
No. 92-CA-2719.
Court of Appeal of Louisiana, Fourth Circuit.
May 27, 1993.
*1131 J. Michael Johnson, Larry G. Canada, Galloway, Johnson, Tompkins & Burr, New Orleans, for appellants.
Ralph J. Zatzkis, Jeffrey A. Schwartz, McGlinchey Stafford Lang, New Orleans, for appellees.
Before CIACCIO, LOBRANO and LANDRIEU, JJ.
CIACCIO, Judge.
This declaratory judgment action was brought by Zachary Lee Ellis and The Ellis Company (Ellis) against Transcontinental *1132 Insurance Company and Valley Forge Insurance Company because of the insurers' failure to defend Ellis in a suit brought against them, and for denial of coverage under two policies of insurance issued by defendants. Both Ellis and the insurers moved for summary judgment, and the insurers lodged this devolutive appeal after partial summary judgment was granted in favor of Ellis and the insurers' motion for summary judgment was denied. For the reasons set forth herein, we affirm the judgment of the trial court and remand the case for further proceedings.

Facts
Plaintiff herein, Zachary Ellis, is the president and chief executive officer of a roofing company known as The Ellis Company, Inc. Defendant, Transcontinental Insurance Company issued to The Ellis Company a policy of comprehensive general liability insurance under which Zachary Ellis is also an insured. Valley Forge Insurance Company, also a defendant herein, issued to the Ellis Company policies of commercial catastrophe umbrella third-party liability insurance and worker's compensation and employer's liability insurance under which Zachary Ellis is also an insured.
On November 13, 1990, Gladys Marigny, a former employee of The Ellis Company, filed a petition for damages in state court against Zachary Ellis, The Ellis Company and their unnamed insurers. Also named as a defendant was Laboratory Specialists, Inc.
Ms. Marigny alleged in her petition that on July 25, 1989, Zachary Ellis withheld four hours of wages from her pay, and that she subsequently made a complaint to the Wage and Hour Division of the U.S. Department of Labor. According to the facts set forth in the petition, Ellis then paid Ms. Marigny the disputed wages, and subsequently demoted her to a journeyman position and cut her weekly hours, resulting in a severe cut in pay. Ms. Marigny further alleged that on October 6, 1989, Zachary Ellis demanded that Ms. Marigny submit a urine sample for drug analysis, and that the sample tested positive for marijuana. Ms. Marigny alleged that on November 13, 1989 Zachary Ellis terminated her employment with The Ellis Company.
The petition further alleged:
19.
The action of defendant ZACHARY LEE ELLIS in singling out petitioner GLADYS M. MARIGNY to submit to a drug test without prior written company procedures for drug testing and without cause was malicious and unreasonable and seriously interfered with petitioner's privacy interest.
20.
The actions of defendant ZACHARY LEE ELLIS in retaliating against GLADYS M. MARIGNY, who sought the intervention of the Wage and Hour Division of the U.S. Department of Labor to collect wages due to her and her crew, by demoting her, reducing her hours and singling her out for drug testing was exclusively for the purpose of causing her harm by severely limiting her wages and by causing her embarrassment and emotional distress, all of which was an abuse of the employer's right.
21.
The actions of defendant ZACHARY LEE ELLIS in seeking retribution against GLADYS M. MARIGNY for her lawful right to register a complaint with the Wage and Hour Division of the U.S. Department of Labor and to seek their assistance in collecting wages owed to her constitutes outrageous conduct actively designed to cause her mental anguish. Further, defendant, ZACHARY LEE ELLIS's, unfair application of THE ELLIS COMPANY INC.'s unwritten drug policy was done with such rancor that petitioner's mental anguish was certain to occur.
22.
The actions of defendants, ZACHARY LEE ELLIS, THE ELLIS COMPANY, INC. AND LABORATORY SPECIALISTS INC. in their negligent failure to *1133 comply with state and federal guidelines established for drug collecting and testing and in their negligent report of positive drug use excluding passive inhalation caused petitioner severe mental anguish, humiliation and embarrassment, and ultimately the loss of her employment.
23.
The actions of defendants, ZACHARY LEE ELLIS and THE ELLIS COMPANY, INC. in seeking retaliation and retribution and ultimately discharge of petitioner for reporting a labor violation to the Wage and Hour Division of the U.S. Department of Labor is in violation of the Fair Labor Standards Act, Title 29, United States Code, Section 215(a)(3).
24.
As a result of defendants actions, petitioner has suffered emotional distress, embarrassment and humiliation and loss of employment, all in amounts to be determined by the trier of fact.
This suit was subsequently removed to federal district court. Zachary Ellis made written demand on The Ellis Company's insurers, Transcontinental Insurance Company and Valley Forge Insurance Company, for a defense and indemnification. The insurers refused Ellis' demands, maintaining that the policies did not provide coverage for the claims brought against Ellis. Ellis subsequently brought a motion to dismiss and/or for partial summary judgment in the federal court suit. The federal district court granted Ellis' motion for partial summary judgment dismissing Ms. Marigny's claims against her employer for negligence, loss of employment and for interference with her privacy interest. Ms. Marigny's additional claims against Ellis were referred to trial on the merits. Prior to trial, Ellis settled Marigny's claims for the sum of $40,000.00. Ellis made further demand for indemnification and reimbursement of attorney's fees and costs on the insurers to no avail.
On September 3, 1991, plaintiffs, Ellis and The Ellis Company filed this petition for declaratory judgment seeking that the court order defendants-insurers to provide a defense and indemnification to Ellis in the suit "Gladys Marigny v. Zachary Lee Ellis." Plaintiffs alleged that the policies of insurance issued by defendants provided coverage to Ellis for the claims raised in Ms. Marigny's petition, and plaintiffs are therefore entitled to a defense in that litigation. Plaintiffs subsequently filed an amended petition that the Marigny lawsuit had been settled, and plaintiffs asserted that they were entitled to indemnification of the settlement amount in addition to reimbursement for costs, expenses and legal fees expended in defending that lawsuit. Defendants answered this petition, admitting that it issued the policies of insurance, but denying all of Ellis' other allegations.
Plaintiffs and defendants subsequently brought cross motions for summary judgment alleging that they were entitled to judgment as a matter of law. After considering the pleadings and memoranda, the trial court partially granted plaintiffs' motion for summary judgment concluding that plaintiffs were entitled to coverage and a defense based on the terms of defendants' insurance policies. However, the trial court deferred ruling on the issues of reasonableness of settlement, attorney's fees and penalties as a result of the failure to defend. Defendants' motion for summary judgment was denied.
From this judgment, defendants now appeal, contending that the trial court erred in finding as a matter of law that defendants had a duty to defend and to provide coverage to Ellis in the Marigny lawsuit.

Duty to Defend
An insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969). The allegations of the petition are interpreted liberally to determine whether they set *1134 forth grounds that bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Thus, if, assuming all of the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Czarniecki, Id., 230 So.2d at 259.
Although defendants and plaintiffs do not dispute the principles of law enunciated in Czarniecki, they differ in their interpretations of its effect on the undisputed facts of this case. Defendants argue that even accepting the allegations of Ms. Marigny's petition as completely true, Ellis could not be found liable for Ms. Marigny's claims, and under Czarniecki, there is no obligation to defend the suit against plaintiffs. In support of its position, defendants cite to the federal court's dismissal of a portion of Ms. Marigny's claim on Ellis' motion for summary judgment. However, at the time of the settlement, there were still remaining several claims against Ellis, including discrimination, humiliation, emotional distress, abuse of right, and demotion and reduction of hours.
The law is clear that not every allegation asserted by plaintiff must result in liability to the insured for the insurer to provide a defense. Once a complaint states one claim within the policy's coverage, the insurer has a duty to accept defense of the entire lawsuit, even though other claims in the complaint fall outside the policy's coverage. Montgomery Elevator Co. v. Building Engineering Services Co. Inc., 730 F.2d 377, 382 (5th Cir.1984), citing American Automobile Assn. v. Globe Indemnity Co., 362 So.2d 1206, 1209 (La.App. 4th Cir.1978).
Further, the insured need not prove that the outcome of the suit will necessarily impose liability for plaintiff's claims. Rather, the insured must show a possibility of liability in order to invoke a defense by the insurer. CBM Engineers Inc. v. Transcontinental Ins. Co., 460 So.2d 745 (La.App. 3rd Cir.1984).
It is undisputed that both Transcontinental and Valley Forge provide policies of insurance, and that these policies were in effect at the time Marigny's claims arose. The Transcontinental policy names as insured Z. Ellis Roofing Company, Inc., and provides a limit of insurance of $1,000,000. The Valley Forge policy names as insured the Ellis Company, Inc., and provides a limit of liability of $2,000,000 above the limit of the underlying Transcontinental policy. The parties do not dispute that Zachary Ellis, as president of the corporation, is also an insured, while acting within the scope of his corporate duties.
Both policies state that the insurers will provide the insured with a defense when a suit filed against the insured includes allegations that require coverage. The Transcontinental policy declares that the insurer has the right and duty to defend any "suit" which seeks damages because of "personal injury" to which the policy applies. The Valley Forge policy states in part:
B. We will also investigate and defend any suit brought against an insured for a claim or suit that alleges damages arising out of an incident which is not covered, in whole or in part, under scheduled underlying insurance and unscheduled underlying insurance, but which seeks damages arising out of an incident otherwise covered under this policy. The costs and expenses of such investigation and defense are not subject to the retained limit.

C. We will either investigate and defend an insured or reimburse an insured for such costs of investigation or defense under the circumstances described in either paragraph A. or B., above, even if the allegations of a suit are groundless, false or fraudulent, but only until we make a payment or payments or offer to pay or deposit in court that part of any judgement(s) not exceeding our limit of liability thereon. (Emphasis in original.)
The express language of the subject policies states that the insurer has a duty to defend its insured in a suit where the allegations of the petition provide coverage. The pertinent inquiry for our review then is whether the allegations of Ms. Marigny's *1135 petition unambiguously exclude coverage under the subject policies.

Coverage
The trial judge found that the pertinent allegations in the Marigny petition allege grounds under which plaintiff would be provided coverage by defendants' policies. We agree.
Coverage "B" of the Transcontinental policy provides in part.
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" ... to which this insurance applies.
"Personal injury" is defined as injury, other than "bodily injury", arising out of one or more of the following offenses:
a. False arrest, detention or imprisonment;
b. Malicious prosecution;
c. Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;
d. Oral or written publication of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services; or
e. Oral or written publication of material that violates a person's right of privacy.
The Valley Forge policy provides coverage for:
"personal injury ... arising out of false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, discrimination, humiliation, libel, slander or defamation of character or invasion of rights of privacy; all of which are committed in the conduct of an insured's business; except that for which coverage is afforded under Advertising Injury."

This language in the policies includes the claims brought by Ms. Marigny for invasion of privacy and humiliation. Further, Ms. Marigny's claims for retaliation and discharge as a result of her report of a labor violation in Paragraph 23 of her petition has been held to be a form of unlawful discrimination, and is therefore covered by the language in the Valley Forge policy with regard to "discrimination." See, Wiley v. Missouri Pacific R. Co., 430 So.2d 1016 (La.App. 3rd Cir.1982), writ denied, 431 So.2d 1055 (La.1983).
Defendants argue that the subject policies specifically exclude coverage for Ms. Marigny's claims. The exclusion referred to provides in part:
This insurance does not apply to:
. . . . .
d. Any obligation of the insured under a worker's compensation, disability benefits or unemployment compensation law or any similar law.
e. "Bodily injury" to:
(1) an employee of the insured arising out of and in the course of employment by the insured;

. . . . .
However, the claims asserted by Ms. Marigny against her employer, although they may have arisen while in the workplace, do not relate to worker's compensation, unemployment or disability laws. Specifically, her claims for discrimination and intentional infliction of emotional distress would not fall within the ambit of the worker's compensation statute, as these claims by their very nature suggest an intentional act on the part of the employer. Further, although the insurers contend that the claims asserted by Ms. Marigny are for bodily injury, we find no merit in this argument, especially in light of the definition of personal injury contained in the policies which include several of the claims asserted by Ms. Marigny. This exclusion is not applicable to these claims asserted by Ms. Marigny.
Defendants also cite to the following language as excluding coverage under the policy:
This insurance does not apply to:
a. "Personal injury" or "advertising injury"
. . . . .

*1136 (3) Arising out of the willful violation of a penal statute or ordinance committed by or with the consent of the insurer;
. . .
The insurers contend that Ms. Marigny's claims for retaliatory discharge in Paragraph 23 of her petition amount to a criminal violation of 29 U.S.C. Section 216. However, although the petition alleges a violation of the Fair Labor Standards Act, the allegations of the petition do not charge Ellis with willful or criminal conduct which would make this exclusion based on violation of a penal statute applicable. We find this argument to be without merit.

Conclusion
We find that the allegations of Ms. Marigny's petition, when accepted as true and liberally interpreted, would be sufficient to establish an obligation on the part of both insurers under their policies to defend on behalf of Zachary Ellis and The Ellis Company, Transcontinental being the insurer primarily liable. Failure of the insurers to defend on these allegations renders them liable for the attorney's fees and costs incurred by plaintiffs, in an amount to be determined by the trial court. The judgment of the trial court in this regard is affirmed.
Further, based on the express language in the subject policies, we find no error in the trial court finding that the subject insurance policies also provide coverage for the claims asserted against plaintiffs by Ms. Marigny. To the extent the trial court determined that plaintiffs are entitled to indemnification for the Marigny lawsuit, this judgment is affirmed.
However, the trial court reserved the right to determine at a later date whether the settlement amount tendered to Gladys Marigny by Ellis was reasonable in light of the facts presented. We therefore remand this case to the trial court for a determination of the reasonableness of the settlement amount, the amount of attorney's fees owed based on the duty to defend and penalties if applicable.
Defendants are to bear all costs of this appeal.
AFFIRMED AND REMANDED.