660 So.2d 892 (1995)
Sheila LAWSON, et al.
v.
Dr. Jeffrey STRAUS, et al.
Nos. 95-C-1017, 95-C-1028.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1995.
Writ Denied December 8, 1995.
*893 Gwendolyn Sue Hebert, Hulse, Nelson & Wanek, New Orleans, for relator, Continental Cas. Co. (95-C-1017).
Margaret E. Bradley, Law Offices of Robert E. Birtel, Metairie, for relator, St. Paul Fire & Marine Ins. Co. (95-C-1028).
Jack A. Ricci, Gary John Giepert, Ricci & Giepert, New Orleans, for respondents, Dr. Jeffrey Straus and Louisiana Eye Center of New Orleans.
Before PLOTKIN, WALTZER and MURRAY, JJ.
WALTZER, Judge.

STATEMENT OF THE CASE
Relators, Continental Casualty Company (95-C-1017) and St. Paul Fire and Marine Insurance Company (95-C-1028), seek supervisory review of the trial court's action holding a partial summary judgment granted by the trial court to have been a final, appealable judgment. The partial summary judgment of 29 March 1994 decreed that defendant Jeffrey Straus was owed a defense in this sexual harassment suit by insurers, Relators herein.
The issue before this Court is whether that partial summary judgment was an interlocutory order, from which this writ would be properly taken, or a final judgment, from which Relators were obliged to appeal in a timely manner.
We consolidate these writ applications, and deny the relief sought by Relators.

ANALYSIS
The legal issue is well settled.
In Treadway v. Vaughn, 633 So.2d 626 (La.App. 1st Cir.1993), writ denied, 94-0293 (La. 3/25/94), 635 So.2d 233, Continental Casualty Company, a Relator herein, appealed from a partial summary declaratory judgment on the issue of an insurer's duty to defend its insured. Continental argued there that La.C.C.P. art. 1915, defining the appealability of partial judgments, made resolution of the "duty to defend" issue by partial summary judgment inappropriate. The court heard and rejected Continental's argument.
The judgments rendered against Relators hereinbelow on 29 March 1994 were not interlocutory. See, Dennis v. Finish Line, Inc., 93-0638 (La.App. 1 Cir. 3/11/94), 636 So.2d 944, writ denied, 94-1652 (La. 10/7/94), 644 So.2d 636; Charles v. LeBlanc, 93-871 (La.App. 3 Cir. 3/2/94), 633 So.2d 866, writ denied, 94-1314 (La. 9/2/94), 643 So.2d 148; Ellis v. Transcontinental Ins. Co., 619 So.2d 1130 (La.App. 4th Cir.1993), writ denied 625 So.2d 1043 (La.1993), reconsideration denied, 629 So.2d 365 (La.1993); Siat v. Fauria, 494 So.2d 1224 (La.App. 5 Cir.1986), writ denied, 497 So.2d 1012 (La.1986), reconsideration denied, 500 So.2d 416 (La.1987).
Relators' reliance on Everything on Wheels v. Subaru South, 616 So.2d 1234 (La. 1993) is misplaced. That case's reasoning applied to the appealability of judgments on partial exceptions. The Court's holding makes clear that this opinion is consistent with the Court's subsequent denial of writs in the Dennis, Charles, and Ellis cases:
A judgment which, without dismissing a party, adjudicates some (but less than all) claims, defenses, or issues presents a greater problem. Such a partial judgment usually results from a motion for summary judgment or a motion for judgment on the pleadings, both of which are specifically *894 listed in Article 1915. But such a partial judgment can also result from an exception of no cause of action, as occurred in this case. Article 1915 lists the exclusive instances in which partial final judgments are permitted. Lee v. Lee, 375 So.2d 769 (La.App. 4th Cir.1979). Because Article 1915 does not authorize a partial final judgment on an exception of no cause of action (unless a party is dismissed), the judgment in the present case is an interlocutory judgment which is not appealable in the absence of irreparable injury. 616 So.2d at 1241. (Emphasis added.)
CONCLUSION
Based on this uniform line of authority from four circuits including our own, and from which the Louisiana Supreme Court uniformly denied applications for writs, we conclude that Relators' remedy from the adverse judgments of 29 March 1994 was by appeal. The judgments were not interlocutory, and exercise of this Court's supervisory jurisdiction is inappropriate. We therefore deny supervisory relief under the facts and procedural history of this case.
WRIT DENIED. TRIAL COURT ACTION AFFIRMED.
PLOTKIN, Judge, concurring with written reasons:
This writ application presents the important unresolved procedural question of whether the granting of a partial summary judgment on an insurer's duty to defend a suit against his insured is an interlocutory judgment, which may be reviewed on supervisory writs, or a final judgment, which is subject to appeal. The majority's conclusion that the judgment is a final, appealable judgment is based purely on the fact that all previous cases have treated it as such. After extensive study of the subject, I believe that the majority's ultimate conclusion is correct under the applicable Louisiana jurisprudence as it now stands. However, because the Louisiana Supreme Court has previously indicated that determination of the status of a partial summary judgment as final or interlocutory may be subject to some question, I assign the following additional reasons for denying the writ. See Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, fn. 12 (La.1993).
STATEMENT OF THE CASE
In August of 1992, plaintiffs, Shelia Lawson, Lisa Prince, and Kimberly Kady, commenced this action against defendants, Dr. Jeffrey Straus, Louisiana Eye Center of New Orleans d/b/a Straus Azar Medical Surgical and Lazar Eye Center (Louisiana Eye Center), Medical Care International, Continental Casualty Company (CNA), and St. Paul Insurance Co. (St. Paul). In their petition, plaintiffs alleged that Dr. Straus had sexually harassed them while at work and elsewhere on numerous occasions.
Dr. Straus and his employer, Louisiana Eye Center, answered plaintiffs' petition and filed a reconventional demand against CNA and St. Paul, seeking to compel the insurers to provide Dr. Straus and Louisiana Eye Center with a defense. Although St. Paul initially acceded to this demand and provided a defense, it later unilaterally withdrew its defense. CNA completely refused to provide a defense.
In March of 1994, the trial court considered CNA's Motion for Partial Summary Judgment, seeking relief from any obligation to provide a defense of the instant matter. On March 29, 1994, the trial court issued its judgment on the motion, finding that CNA did, in fact, owe Dr. Straus and Louisiana Eye Center a defense. Nothing in the record indicates that CNA either sought writs on or appealed this judgment.
In June of 1994, the trial court considered a similar Motion for Partial Summary Judgment filed by St. Paul, in which it also sought relief from any obligation to defend Dr. Straus or Louisiana Eye Center. On June 15, 1994, the trial court denied this motion as well.
In September of 1994, St. Paul sought writs on this judgment from this Court. On October 18, 1994, the court denied writs, explaining that the ultimate result reached by the trial court was correct. The record does not disclose whether St. Paul sought further review from the Louisiana Supreme Court.
*895 Relying on the March and June judgments in his favor, on November 10, 1994, Dr. Straus filed a motion in the trial court seeking to hold CNA and St. Paul in contempt of court for not paying his defense costs and further asking the trial court to fix the amount of attorney fees he claims were owed to him. CNA and St. Paul opposed the motion in separate briefs to the court, arguing that they had never been ordered to pay attorney fees so could not be in contempt of a court order that had never been rendered and that the motion to fix attorney fees was premature because it sought to make an interlocutory judgment executory. The trial court denied the motion for contempt and ordered all parties to file additional memoranda addressing the issue of whether the March and June, 1994, Partial Summary Judgments were final, appealable judgment or interlocutory judgments. On April 10, 1995, the trial court ruled that the judgments were final and appealable. The trial court also found that because neither insurer had appealed the judgment, the court could set an adversarial hearing to determine the amount of attorney fees owned by CNA and St. Paul to Dr. Straus.
CNA (95-C-1017) and St. Paul (95-C-1028) both now seek supervisory review from this Court. In light of the fact that both writ applications arise from the same judgment and present identical issues, judicial efficiency compels us to consolidate the matters for simultaneous disposition.

DISCUSSION
Although a relatively new device, Louisiana law clearly provides that a trial court may issue a partial summary judgment. Code of Civil Procedure article 966 succinctly states that any party may move for summary judgment "for all or part of the relief for which he has prayed." La. C.C.P. art. 966(A). That same article also provides for two specific types of partial summary judgments: those on the issue of liability, pretermitting damages, and those "on the issue of insurance coverage alone although there is a genuine issue as to liability or the amount of damages." La. C.C.P. art. 966(C), (D). Thus, there is no question that the trial court was vested with authority to issue its March and June, 1994, judgments.
The question that now confronts us is whether judgments solely on the issue of the duty to defend, which are tangentially related to the issue of coverage, are final and appealable or are interlocutory. Determination of this question depends on the proper interpretation of La. C.C.P. art. 1915(A)(3), which provides as follows:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
. . . . .
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
The instances listed in La. C.C.P. art. 1915 have been determined to be "an exclusive listing of those instances where partial final judgments may be rendered and appealed." Sledge v. Continental Cas. Co., 25,770, p. 811 (La.App.2d Cir. 6/24/94), 639 So.2d 805, 811 (emphasis added).
The language of La. C.C.P. art. 1915 was interpreted by the Louisiana Supreme Court in Everything on Wheels Subaru, Inc., which involved the propriety of a judgment on a exception of no cause of action that adjudicated one, but not all, of the causes of action asserted against the exceptor. In holding that partial exceptions of no cause of action were impermissible, the court, in discussing the interplay of La. C.C.P. art. 1915, offered the following observation:
Article 1915 was designed to limit to the enumerated situations a court's authority to render a partial final judgment which is appealable. When a judgment adjudicates all of the claims and defenses asserted by all of the parties, such a judgment is universally recognized as appealable (subject to statutory limitations in courts of limited jurisdiction). But when a judgment adjudicates fewer than all of the claims or defenses, or adjudicates the claims or defenses of one or more but less than all of the parties, there are significant problems *896 in designating such a judgment as appealable. If such judgments were appealable, there would be intolerable problems of multiple appeals and piecemeal litigation.

616 So.2d at 1240-41 (emphasis added). Based on these general principles, the court then declared that
[a] judgment which, without dismissing a party, adjudicates some (but less than all) claims, defenses, or issues, presents a greater problem. Such a partial judgment usually results from a motion for summary judgment or a motion for judgment on the pleadings, both of which are specifically listed in Article 1915. But such a partial judgment can also result from an exception of no cause of action, as occurred in this case. Article 1915 lists the exclusive instances in which partial final judgments are permitted. Lee v. Lee, 375 So.2d 769 (La.App. 4th Cir.1979). Because Article 1915 does not authorize a partial final judgment on an exception of no cause of action (unless a party is dismissed), the judgment in the present case is an interlocutory judgment which is not appealable in the absence of irreparable injury.
Id. at 1241 (emphasis added).
I would read that language, on its face, to indicate that a judgment on a motion for summary judgment is a final, appealable judgment, even if it is a partial judgment. However, CNA and St. Paul, drawing on the above statement, argue that Everything on Wheels Subaru stands for the proposition that "any partial judgment which does not dismiss a party and which is not expressly authorized by La. C.C.P. art. 1915 is an interlocutory judgment which is not appealable in the absence of irreparable injury."
This argument would seem to be without merit, when one considers only the express language of the body of the Everything on Wheels Subaru decision. However, the following footnote, which appears at the end of the passage just cited, lends some support to the position argues by CNA and St. Paul:
There does not appear to be any logical reason to treat partial judgments resulting from a motion for summary judgment any differently from partial judgments resulting from an exception of no cause of action. We therefore reserve for another day the question whether a partial judgment on a motion for summary judgment, that merely decides one of several claims, defenses or issues without dismissing any party, is a final judgment which is authorized by Article 1915 and which therefore must be appealed immediately in order to prevent the judgment from acquiring the authority of the thing adjudged.
Id. at 1241, fn. 12. What makes this footnote so confounding is that the first sentence leads one to believe that judgments on motions for partial summary judgment perhaps should be treated the same as judgments on partial exceptions of no cause of action, but the second sentence clearly states that the court is reserving decision on that matter "for another day." Id. Thus, footnote 12 actually seems to be instructing courts confronting the question posed by the instant dispute not to look to the Everything on Wheels Subaru decision but to await some other decision to be rendered at some undetermined point in the future. As such, we are compelled to reject CNA's and St. Paul's suggestion that this court blindly adhere to the Everything on Wheels Subaru decision. To do otherwise would be to render the second sentence of footnote 12 nugatory.
However, this stance requires this court to overlook the first sentence of footnote 12, which notes that "little reason" exists for distinguishing between the two types of partial judgments. Because I agree with that conclusion, and because I can see obvious reasons for treating the judgments in the instant case as interlocutory, subject to review by supervisory writs, I believe that this court must look further than the opinions cited by the majority in reaching its decision to deny this writ.
In denying the writ, the majority simply cites a number of cases which purportedly establish that the judgments at issue are final and appealable. Among the cases cited are Treadway v. Vaughn, 633 So.2d 626 (La. App. 1st Cir.1993), writ denied, 94-0293 (La. 3/25/94), 635 So.2d 233; Dennis v. Finish Line, Inc., 93-0638 (La.App. 1st Cir. 3/11/94), 636 So.2d 944, writ denied, 94-1652 (La. *897 10/7/94), 644 So.2d 636; Ellis v. Transcontinental Insurance Co., 619 So.2d 1130 (La. App. 4th Cir.1993), writ denied, 625 So.2d 1043 (La.1993); Charles v. LeBlanc, 93-871 (La.App. 3d Cir. 3/2/94), 633 So.2d 866, writ denied, 94-1314 (La. 9/2/94), 643 So.2d 148; and Siat v. Fauria, 494 So.2d 1224 (La.App. 5th Cir.), writ denied, 497 So.2d 1012 (La. 1986). The majority asserts that this cases form a "uniform line of authority from four circuits including our own" that a partial summary declaratory judgment on the issue of an insurer's duty to defend is a final, appealable judgment.
However, my review of each of the above-cited cases discloses that in none of them was the court called upon to decide whether the judgment in question was final and appealable or simply interlocutory. Rather, the courts simply assumed, without discussion, that appeal, as opposed to supervisory writs, was the correct manner in which to proceed. As such, these decisions simply beg the question that we must decide today. Accordingly, I would not find these circuit court opinions controlling, but would look instead to the Louisiana Supreme Court's statements in Everything on Wheels Subaru, which makes the solution to this writ application much less clear. Nevertheless, I must agree that even the Everything on Wheels Subaru decision, as it stands, requires that we deny the writ application in this instant case. I would, however, note that this decision provides an excellent opportunity for the Louisiana Supreme Court to revisit this question, in light of the implications of footnote 12.
I would also note that the Fifth Circuit Court of Appeal's decision in Caire v. Fremen, 630 So.2d 297 (La.App. 5th Cir.1993) does provide specific support for the position taken by CNA and St. Paul. Citing the Everything on Wheels Subaru decision, the court specifically found that the granting of a partial summary judgment was an interlocutory judgment. The court stated as follows:
In the Everything on Wheels Subaru decision, the Louisiana Supreme Court held that any partial judgment which does not dismiss a party and is not expressly authorized by Article 1915 is an interlocutory judgment which is not appealable in the absence of irreparable injury. Id. at 1241. Although Everything on Wheels Subaru addressed exceptions of no cause of action, it spoke briefly of partial summary judgments. While Article 1915 specifically provides that granting a motion for summary judgment is a final judgment, we find that in the case before us, the summary judgment is not a final appealable judgment.
Although I would not go so far as to interpret the Everything on Wheels Subaru decision so broadly, the above language does show that at least one court holds a different view of the issue before us, making the issue must less clear cut than indicated by the majority's opinion.