671 So.2d 1136 (1996)
Paul DESHOTELS and Stephanie Deshotels on Behalf of their Minor Daughter, Natalie DESHOTELS, Charles Israel and Sherry Israel on Behalf of their Minor Daughter, Mary Elizabeth Israel, Plaintiffs-Appellees,
v.
EVANGELINE PARISH SCHOOL BOARD, et al., Defendants-Appellees.
Titan Indemnity Company-Defendant-Appellant.
No. 95-1462.
Court of Appeal of Louisiana, Third Circuit.
April 3, 1996.
Randall Scott lies, Lafayette, for Paul Deshotel et ux etc.
Jerry Joseph Falgoust, Opelousas, Allen Bruce Rozas, Mamou, for Evangeline Parish School Board.
Peggy Dean St. John, J. Christopher Peters, Alexandria, for Titan Indemnity Company.
Francis Douglas Wimberly, Lafayette, for Paul Debaillon Trustee.
Before YELVERTON, COOKS and DECUIR, JJ.
YELVERTON, Judge.
This suit arises out of the alleged physical attack of two girls by other students on a school bus carrying football players and cheerleaders to Mamou Upper Elementary *1137 School. The parents of the girls filed suit against the Evangeline Parish School Board. The School Board then filed a third-party demand against its commercial general liability insurer, Titan Indemnity Company, seeking a judgment declaring coverage and/or the obligation to provide a defense under the policy issued by Titan. Titan responded that the policy excluded coverage for the incident in question and subsequently filed a motion for summary judgment on the issue of coverage.
The trial court denied Titan's motion for summary judgment finding that the language in the policy excluding coverage was ambiguous. Titan sought writs to this court seeking review of the trial court's denial of its motion. This court denied Titan's supervisory writ application finding no error in the trial court's ruling.
An amending petition was filed on behalf of the two girls naming Titan as a defendant. On August 2, 1995, the School Board filed a petition for rule to show cause why Titan should not be required to provide a defense to this action and why penalties should not be imposed under La.R.S. 22:1220. The rule was heard and on August 30, 1995, the trial court rendered judgment in favor of the School Board finding that Titan owed a defense. The court also assessed penalties against Titan in the amount of $5,000.
Titan sought review to this court once again by supervisory writ application. This court once again denied the writ finding no error in the trial court's ruling. Titan then filed the present appeal to this court from the August 30, 1995 judgment.

MOTION TO DISMISS
The plaintiffs in this case have filed a motion to dismiss Titan's appeal alleging that the judgment rendered was an interlocutory judgment and should be dismissed since Titan has already pursued the remedy of a supervisory writ application which was denied. In response Titan filed a motion to strike the plaintiffs' motion to dismiss alleging that the plaintiffs are not parties to the third-party demand which is the basis of the current matter before this court and therefore, do not have standing to raise this objection. Titan alleges that the plaintiff's are precluded by La.Code Civ.P. art. 2086 from taking action in this appeal because they could not intervene at the trial court level. Article 2086 allows a person who could have intervened in the trial court to appeal.
Article 2086 refers to a third party who is not a party to the suit. The plaintiffs are already parties to this action. There was no need for them to intervene. They are also parties to the present appeal as appellees and are interested in the outcome of the present appeal. Therefore, they are entitled to file motions in this court. We also note that an appellate court may dismiss an appeal on its own motion where there is no right to an appeal. Bernard v. Allstate Ins. Co., 396 So.2d 548 (La.App. 3 Cir.1981).
Titan also argues that the instant situation is not an appeal from a grant of a motion for summary judgment but an appeal from a judgment from a petition for rule. However, the characterization of a pleading is not controlling. Banks v. Rattler, 426 So.2d 362 (La.App. 2 Cir.1983).
A motion for summary judgment is a summary proceeding. First Federal Sav. & Loan v. Stanley, 578 So.2d 220 (La.App. 3 Cir.1991). Summary proceedings are those which are conducted with rapidity within the delays allowed by the court and without citation and the observance of all the formalities required in ordinary proceedings. La.Code Civ.P. art. 2591. Summary proceedings may be commenced by filing a contradictory motion or by a rule to show cause. La.Code Civ.P. art. 2593. Therefore, a motion for summary judgment can be commenced by the filing of a rule to show cause which is what the School Board did in this case. Titan has not complained that it was allowed insufficient time. No filings were needed as what is before the court is merely a question of law.
Therefore, what we are dealing with in this case is a judgment ordering Titan, which had persistently manifested an intention not to defend, to pay for all reasonable expenses incurred by the School Board in defending this action. This, too, was a proper *1138 partial summary judgment as the duty to defend is included within the broader duty to provide coverage pursuant to La.Code Civ.P. art. 966. See Steptore v. Masco Const. Co., Inc., 93-2064 (La. 8/18/94), 643 So.2d 1213.
La.Code Civ.P. art. 1915(A)(3) states:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
* * * * * *
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 1038.
Article 1915(A)(3) specifically states that the judgment rendered in the present case is not a final judgment. It is an interlocutory judgment. We are aware of Lawson v. Straus, 95-1017, 95-1028 (La.App. 4 Cir. 8/23/95), 660 So.2d 892, writ denied, 95-2271, 95-2325, (La. 12/8/95), 669 So.2d 422, 423, which held that a partial summary judgment ordering insurers to defend an insured was a final judgment and not an interlocutory judgment, and that therefore the insurers' proper remedy was by appeal and not supervisory review. We disagree with that case.
As this court held in Edwards v. Daugherty, 95-702 (La.App. 3 Cir. 8/16/95), 663 So.2d 102, a judgment which found coverage and ordered the insurer to provide a legal defense for the defendants is an interlocutory judgment as contemplated by Article 966(D) and does not cause irreparable injury. Therefore, the judgment of the trial court is not appealable.
For these reasons the motion to dismiss is hereby granted at Titan Indemnity Company's cost.
APPEAL DISMISSED.