11 MURRAY, Judge.
The Motion to Dismiss Appeal filed by the Board of Commissioners of Orleans Levee District, d/b/a Orleans Levee Board, is hereby denied. Lawson v. Straus, 95-1017, 95-1028 (La.App. 4th Cir. 8/23/95), 660 So.2d 892, writs denied, 95-2271, 95-2325 (La. 12/8/95), 664 So.2d 422, 423.
The argument advanced by the Levee Board in support of its motion to dismiss the appeal of First Financial Insurance Company has been embraced by our brethren in the Third Circuit in Deshotels v. Evangeline Parish Sch. Bd., 95-1462 (La.App. 3d Cir. 4/3/96), 671 So.2d 1136, which disagreed with this court’s opinion in Lawson. Deshotels held that the duty to defend is subsumed within the obligation to provide insurance coverage so that a partial summary judgment on the duty to provide a defense is interlocutory, rather than final, pursuant to La.Code Civ.Proe.Ann. art. 1915(3). This holding is in direct conflict with our holding in Lawson, which was premised on agreement with the determination in Dennis v. Finish Line, Inc., 93-0638, 93-0639, p. - (La.App. 1st Cir. 3/11/94), 636 So.2d 944, 946, that “the duty to defend and the duty to provide coverage are separate and distinct issues.”
We acknowledge that our opinion in Lawson creates an unusual situation: a partial summary judgment declaring that a policy provides coverage for a particular claim is not final and, therefore, review is by writ application, but a partial summary judgment declaring that the insurer has a duty to defend a particular claim is final and review is by appeal. We recognize that our Lawson decision may cause an insured to seek review of a summary judgment on an insurance policy by both appeal and writ application to ensure that it has not waived its right of review of the coverage issue.
Although the Levee Board would prevail on its motion to dismiss if it were being decided by the Third Circuit, we are bound by the decision in Lawson. While the Supreme Court declined the invitation extended by the concurrence in Lawson to address this issue, which was noted but reserved for another day in Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1241 n. 12 (La.1993), we would hope that it would now act to resolve this direct conflict between the circuits.
MOTION TO DISMISS DENIED.