J2SHORTESS, Judge.
Richard T. Weems is a martial arts instructor who owns and operates the Family Fitness Center in Slidell, Louisiana. Donald Cannon was a student in one of defendant’s martial arts classes. On October 5, 1992, Weems unintentionally struck Cannon in the face and injured his nose. Cannon required several corrective nasal surgeries. Cannon sued Weems and Essex Insurance Company (Essex), Weems’ liability insurer, to recover damages. Essex decided not to defend Weems and noted the Family Fitness Center insurance policy specifically excluded coverage for kick boxing and contact karate. Essex argued Weems engaged in contact karate *1062 on October 5, and therefore, the policy did not insure him from the present accident.
Neither Cannon nor Essex argued Weems intentionally hurt Cannon. But since Essex would not insure Weems for this accident, Weems filed a cross-claim against Essex, arguing the policy did not exclude his action on the accident date. He also alleged Essex was arbitrary and capricious in refusing coverage and in refusing to defend him.
Both Essex and Weems filed motions for summary judgment. The trial court denied Essex’s motion but granted Weems’ motion because it found the policy exclusion terms, kick boxing and contact karate, were ambiguous and should be construed against Essex, in favor of coverage for Weems. Essex appealed and raised two assignments of error. However, we are unable to decide the merits of the case because it is procedurally defective for the same reasons stated in Adams v. St. Tammany Parish[1] and City of Plaquemine v. North American Constructors, Inc.[2] A summary judgment in favor of an insured, declaring the policy exclusions do not exclude coverage under the facts alleged in a plaintiffs petition, is not a partial final judgment reviewable by appeal.[3] It is an interlocutory judgment, and Essex has not alleged or shown that the granting of the summary judgment will cause irreparable harm. Essex’s remedy was through this court’s supervisory writ procedure. This appeal is dismissed, and all costs of the appeal are assessed against Essex.
APPEAL DISMISSED.

. 93-0717, p. 2 (La.App. 1st Cir. 4/8/94), 636 So.2d 1003, 1004.

. 96-1825 (La. 11/8/96), 682 So.2d 1253. See also Edwards v. Daugherty, 95-702, p. 13 (La. App. 3d Cir. 1/10/96), 670 So.2d 220, 227, writ denied, 96-0362 (La.3/22/96), 669 So.2d 1212, and Milano v. Board of Commissioners, 96-1168, p. 1 (La.App. 4th Cir. 6/12/96), 676 So.2d 195, 196.

.The Louisiana Legislature amended Code of Civil Procedure article 966 in 1996. Section 966(D) is now 966(F). Code of Civil Procedure article 1915(A)(3) does not reflect the change, but this omission does not affect our conclusion here.